**Richmond**

CHARLES COSTEN MANNING, III

v.

COMMONWEALTH OF VIRGINIA

No. 0146-84

Decided May 20, 1986

COUNSEL

Robert R. Robrecht, for appellant.

W. Mark Dunn, Assistant Attorney General (Willaim G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**COLE, J.**—Charles Costen Manning, III, appellant, was convicted in a jury trial of statutory forcible sodomy in violation of Code § 18.2-67.1. He was sentenced to twenty-five years in prison. The sole issue on appeal is whether the trial court erred when it refused to grant Manning's motion for a mistrial. Finding no error, we affirm.

On Sunday, March 18, 1984, twelve year old Robert ___ ("Bobby") encountered Manning, who was fishing in a river near Bobby's home. They struck up a conversation about fishing and Manning asked Bobby to accompany him on a thirty-five mile ride to a fishing area at Smith Mountain Lake in Franklin County. In route to the lake, Manning stopped at a store and purchased a six pack of beer. After fishing for approximately an hour, Manning grabbed Bobby by the arm and led him through the woods "to a place that was cleared out" and committed sodomy upon him. Bobby eventually pulled away and started walking home. Having no idea how to get home, he acceded to Manning's request to return to Roanoke in his car. The pair made several stops to allow Bobby to call home. At one such stop, Bobby unsuccessfully attempted to hide from Manning. At another, Bobby made a phone call to his aunt, but Manning positioned himself beside him while the conversation took place. Upon their return to Roanoke, Manning took Bobby to a "dead-end at a dump" and again sodomized

him. Bobby was then driven home.

Although not disclosed by the record,[1] the Commonwealth and defense counsel represented in argument before this Court that Manning was prosecuted in the Franklin County Juvenile and Domestic Relations District Court upon the charge of contributing to the delinquency of a minor. They stated that the only evidence presented by the Commonwealth was that Manning offered beer to Bobby and that Bobby drank some of it. The charge was dismissed.

On October 15, 1984, Manning filed a motion *in limine* in which he moved the court to suppress at trial any evidence relating to crimes for which the defendant was acquitted. Although the record does not reflect it, and no written order was entered, the discussion between counsel and the court on the day of the trial leads to the conclusion that there was a hearing and a ruling made by the court on the motion. Prior to the commencement of trial, the trial judge met in chambers with counsel and made the following evidentiary ruling:

Mr. Robrecht (Appellant's counsel): There is going to be no reference to offenses in Franklin County that he has been charged with, tried and found not guilty on?

The Court: There will be no reference to any offense to [sic] which he has been tried and found not guilty.

The Commonwealth did not object to this ruling.

Bobby testified at trial on direct examination by the Commonwealth as follows:

Q. Did he offer you any beer?

A. Yes, sir.

---

[1] The party seeking the protection of collateral estoppel has the burden of proving that the precise issue or question he seeks to preclude was raised and determined in the first action. *Clodfelter* v. *Commonwealth*, 218 Va. 98, 106, 235 S.E.2d 340, 345 (1977), *rev'd. on other grounds*, 218 Va. 619, 238 S.E.2d 820 (1977) (*citing United States* v. *Friedland*, 391 F.2d 378, 382 (2d Cir. 1968)); *United States* v. *Davis*, 460 F.2d 792, 796 (4th Cir. 1972).

Q. Did you drink some?

A. Yes, sir.

Manning objected on the ground that the court had ruled that there was to be no reference to the facts underlying the previous trial.

In chambers, the Commonwealth argued that it understood the court's ruling on the motion *in limine* to preclude only the mention of the judgment of any prior offense. Also, the Commonwealth maintained, the issue whether or not Manning had in fact given Bobby beer was not actually determined by the prior acquittal since there was no finding of fact made by the court in that proceeding and the acquittal could have been based on failure to prove another element of the crime. The court sustained the objection with the following ruling:

> The Court: Let's get it straight. As I have told you before, any events in which this defendant or any defendant has been charged and acquitted is not admissible into court unless it is brought up by the defendant. . . . He has had his day in court; the Commonwealth has had its shot at him, and if he was acquitted, he was acquitted.

Manning then moved for a mistrial, claiming the reference to the beer was unduly prejudicial and inflammatory. The court denied the motion, and instructed and jury as follows:

> The Court: Ladies and gentlemen, before we proceed further, Bobby just testified in reference to the consumption of the beer or alcoholic beverages. The court has been advised that that matter has been taken care of; there has been a determination made in reference to that in another form at another time. So, I am asking you, instructing you to disregard any testimony in reference to the evidence that you heard concerning the beer and we will try the defendant solely on the evidence in reference to the offense to which he is charged, which is forcible sodomy. Do not consider any evidence in your deliberations concerning any alcoholic

beverages.

Because the Commonwealth may not contest the trial court's ruling that the reference to the beer was inappropriate,[2] the sole issue before us on appeal is whether the trial court erred when it denied the motion for a mistrial.

■ Code § 8.01-361 provides that the trial court may properly discharge the jury "when it appears . . . that there is a manifest necessity for such discharge." *See also Mack* v. *Commonwealth*, 177 Va. 921, 928, 15 S.E.2d 62, 65 (1941). "There is no general rule as to what facts and circumstances constitute such a necessity but the trial court is authorized by the statute to exercise its discretion in making the determination according to the circumstances of the case." *Turnbull* v. *Commonwealth*, 216 Va. 328, 335, 218 S.E.2d 541, 546 (1975). Absent a showing of abuse, the court's exercise of its discretion will not be disturbed. *Clinton* v. *Commonwealth*, 204 Va. 275, 280, 130 S.E.2d 437, 441 (1963) *rev'd. on other grounds*, 377 U.S. 158 (1964); *Braxton* v. *Commonwealth*, 195 Va. 275, 278-79, 77 S.E.2d 840, 842 (1953).

■ In ruling upon an appeal alleging error for failure to grant a mistrial, the Virginia Supreme Court stated:

> The rule in Virginia is well established that a judgment will not be reversed for the admission of evidence which the court afterwards directs the jury to disregard unless there is a manifest probability that the evidence has been prejudicial to the adverse party. The exception to this rule is that the admission of incompetent evidence is reversible error notwithstanding the fact that the trial court, after its admission, instructed the jury to disregard it, if such illegal evidence was so impressive that it probably remained on the minds of the jury and influenced their verdict.

---

[2] It is well settled that in criminal cases which do not involve state revenues, the Commonwealth cannot appeal. Constitution of Virginia, art. VI, § 1; *Hart* v. *Commonwealth*, 221 Va. 283, 290, 269 S.E.2d 806, 811 (1980); *City of Roanoke* v. *Donckers*, 187 Va. 491, 493, 47 S.E.2d 440, 441 (1948). The Commonwealth is bound by the trial court's decision on the admissibility of this evidence, right or wrong, and we express no opinion on this issue.

*Ashbury* v. *Commonwealth*, 211 Va. 101, 104, 175 S.E.2d 239, 241-42 (1970) (citations omitted).

The prejudice to Manning was minimized by his prompt objection to the testimony that he had given Bobby some beer and the immediate instruction by the trial court to the jury to disregard the evidence. It cannot be contended that the court, by its failure to act, approved the remarks, or that the jury thought them proper. *See Lewis* v. *Commonwealth*, 211 Va. 80, 84, 175 S.E.2d 236, 238 (1970).

Manning argues that the prejudice was so great that the instruction by the court did not cure the error because a key element in this case was the credibility of the complaining witness, and the evidence of alcohol consumption may have explained inconsistencies in his testimony, thereby enhancing his credibility. We find no merit in this contention. The inconsistencies which Manning notes are that following the sexual assault, "[Bobby] made no effort to escape from Manning, call for help, or tell his relatives on the phone [about the incident]." The record of Bobby's testimony, however, offers ample explanation for these acts without any reference to beer. First, Bobby testified that he did try to escape by hiding from Manning, but he was discovered. He explained his failure to call for help or to tell his relatives on the phone about the attack by stating that Manning stood beside him and threatened him if he disclosed the incident to others. Thus, the jury did hear testimony that explained Bobby's behavior apart from the alleged consumption of alcohol. There also is nothing to indicate that the objectionable testimony played any role in the jury's decision.

On the basis of the foregoing, we find no reason to believe that the jury failed to obey the court's instruction to disregard the improper disclosure, nor do we find manifest probability of prejudice to Manning.

The trial court exercised its discretion in overruling Manning's motion for mistrial, and we cannot say as a matter of law that this determination was wrong.

*Affirmed.*

Benton, J., and Duff, J., concurred.