**Salem**

MICHAEL EUGENE MILLER

v.

COMMONWEALTH OF VIRGINIA

No. 0112-87-3

Decided November 15, 1988

COUNSEL

C. Randall Lowe, for appellant.

Frank S. Ferguson, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.** — Michael Eugene Miller, appellant, was convicted by a Washington County Circuit Court jury of feloniously failing to return rental property in violation of Code § 18.2-118. On appeal, he raises the following issues: (1) whether the trial court erred in failing to declare a mistrial after the jury panel observed the appellant being brought into the courtroom in shackles; (2) whether the trial court erred in denying defense's motion to suppress the identification of appellant as the perpetrator of the offense because it was based on an unnecessarily suggestive photographic identification; and (3) whether the evidence was sufficient to support the conviction. For the reasons stated below, we reverse and remand.

On September 20, 1984, an individual purporting to be Michael E. Miller rented a video machine and two video tapes from Lowe's Foods in Abingdon, Virginia. The signed rental agreement required that the machine and tapes be returned by 9:00 p.m. the following day. The merchandise, valued at over $200, was never returned.

At a pretrial suppression hearing held to rule upon defense counsel's motion to suppress the identification of Miller as the perpetrator, Billy Stevens, the store's assistant manager, testified that he rented the machine to the perpetrator. Stevens further testified that the perpetrator entered the store three times on the day of the rental, and that he, Stevens, waited on him each time. While investigating the matter, a police officer showed Stevens a photo layout containing five or six photographs of black males and asked if the perpetrator was among the group. Miller's picture was not in the array and Stevens advised the investigator that the perpetrator was not shown among the photographs. The police officer later returned and showed Stevens a single photo of Miller, who is also a black male, and Stevens identified him as the person who had rented the equipment. Stevens also identified Miller at the preliminary hearing, the suppression hearing, and later at trial. Appellant's motion to suppress was overruled.

On the day of trial, Miller was brought into the courtroom in shackles in full view of the jury panel. After Miller's arraignment, the jury was selected. During voir dire, the jury was not questioned by either party or the court as to whether seeing Miller in

shackles would effect their ability to render a fair and impartial verdict. After the jury was sworn, defense counsel moved for a mistrial on the ground that the jury had seen Miller in leg irons. The motion was denied and exception was taken. The jury was not instructed to disregard the use of shackles on Miller.[1]

## I.

On appeal, Miller asserts that the trial court improperly denied his motion for mistrial. We agree.

■ Code § 8.01-361 provides that "the court may discharge the jury when it appears . . . that there is a manifest necessity for such discharge." " 'There is no general rule as to what facts and circumstances constitute such a necessity, but the trial court is authorized by statute to exercise its discretion in making the determination according to the circumstances of the case.' " *Manning v. Commonwealth*, 2 Va. App. 352, 356, 344 S.E.2d 197, 199 (1986) (quoting *Turnball v. Commonwealth*, 216 Va. 328, 335, 218 S.E.2d 541, 546 (1975)). Furthermore, it is well established in Virginia that the decision of the trial court will not be overturned on appeal absent a showing of abuse of discretion. *Clinton v. Commonwealth*, 204 Va. 275, 280, 130 S.E.2d 437, 441 (1963), *rev'd on other grounds*, 337 U.S. 158 (1964).

■ Implicit in Miller's motion for a mistrial is the assertion that viewing him in shackles would create prejudice in the minds of the jurors by suggesting that he is dangerous or not entitled to the presumption of innocence, and thus denying his constitutional right to a fair trial. There is, however, no *per se* rule which prohibits the use of physical restraints of defendants in criminal trials. Rather, the United States Supreme Court and the Virginia Supreme Court have upheld the use of shackles in extreme cases to control dangerous or disruptive defendants or those prone to escape. *See Illinois v. Allen*, 397 U.S. 337 (1970); *Gray v. Commonwealth*, 233 Va. 313, 356 S.E.2d 157, *cert. denied*, 108 S. Ct.

---

[1] Miller's counsel on appeal was not trial counsel. It is not clear from the record at what point trial counsel became aware that Miller had been brought into court wearing leg irons or when the leg irons were removed. The Commonwealth concedes, however, that Miller was brought into court in leg irons in full view of the jury panel which had taken its place in the courtroom. In addition, no allegation is made by the Commonwealth that trial counsel intentionally delayed his objection to this procedure in order to cause the necessity of a mistrial nor would the record support such an allegation.

207 (1987); *Frye v. Commonwealth*, 231 Va. 370, 345 S.E.2d 267 (1986).

■ Although the conduct of a trial is left to the discretion of the trial court and requiring leg irons is a proper exercise of a court's discretion, *Gray*, 233 Va. at 344, 356 S.E.2d at 174, it is incumbent upon the trial court to exercise that discretion with extreme caution to avoid infringing upon the rights of the accused to a fair and impartial trial. Indeed, it is the very cornerstone of our judicial system that every accused be afforded a fair and impartial trial.

In the present case, Miller was charged with a non-violent crime. There is no assertion by the Commonwealth that he was violent, dangerous, posed a threat to persons in the courtroom, or was prone to escape. Rather, for some inexplicable reason, he was brought into the courtroom in shackles in full view of the jury. Without extenuating circumstances that warranted the use of shackles as in *Allen*, *Gray*, and *Frye*, we find the use of shackles in this case unnecessary and offensive. Without such extenuating circumstances there can be no justification for the possible prejudice created by allowing the jury to view Miller in shackles.

Moreover, the harm resulting from the use of shackles was compounded when the trial court failed to instruct the jury to disregard what they had seen. The failure to so instruct the jury did nothing to erase any preconceived impression of guilt, conscious or subconscious, the jurors may have had after viewing Miller in shackles.

■ In *Estelle v. Williams*, 425 U.S. 501 (1976), the Supreme Court stated: "The presumption of innocence, although not articulated in the constitution, is a basic component of a fair trial under our system of criminal justice." *Id*. at 503. Under the facts of the present case, we believe that Miller was effectively denied that presumption of innocence by being unnecessarily shackled and viewed by the jury. For these reasons, we hold that the trial court abused its discretion and committed reversible error in denying Miller's motion for a mistrial.[2]

---

[2] There is no indication in the record that the trial judge had previously ordered Miller to be shackled in the process of bringing him into the courtroom. Rather, we have assumed this was done as a routine security procedure by the local sheriff's department. Nevertheless, once the judge and the jury panel were in the courtroom, the conduct of the

We further reject the Commonwealth's contention that this issue may not be considered on appeal. The Commonwealth's assertion is based on Code § 8.01-352 and Rule 5A:18.

Code § 8.01-352(a) provides in part as follows: "Prior to the jury being sworn the following objections may be made without leave of court: (i) an objection specifically pointing out the irregularity . . . in the . . . impaneling of jurors. . .; after the jury is sworn such objection shall be made only with leave of court."

Rule 5A:18 provides in part as follows: "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, *except* for good cause shown or to enable the Court of Appeals to attain the ends of justice." (emphasis added).

We cannot determine from the record in this case precisely when trial counsel became aware that Miller had been brought into the courtroom in shackles in view of the jury. While clearly no objection was made prior to the jury being sworn, it does not necessarily follow that counsel became aware of the existence of the shackles prior to that time. Where so fundamental a right as a fair and impartial trial is at issue, we will not assume that counsel delayed raising a timely objection. Accordingly, we hold that this issue is properly before us on appeal.

## II.

Because the second issue raised by Miller will reoccur at retrial, we address it here. Miller contends that the trial court erred in denying his motion to suppress the identification of him as the perpetrator of the offense because it was based on an unnecessarily suggestive photographic identification. We disagree.

In *Hill v. Commonwealth*, 2 Va. App. 683, 693, 347 S.E.2d 913, 918 (1986), this court, relying on *Neil v. Biggers*, 409 U.S. 188 (1972) and *Manson v. Brathwaite*, 432 U.S. 98 (1977), held that two rules regarding the admissibility of evidence of out-of-court identifications could be discerned.

proceeding was under the control of the judge and it was incumbent upon him in the exercise of his discretion to avoid infringing upon the rights of the accused to a fair and impartial trial.

Such evidence will be admitted if either (a) the identification was not unduly suggestive, or (b) the procedure was unduly suggestive, but the identification is nevertheless so reliable . . . that there is no substantial likelihood of misidentification. Second, even if evidence of the out-of-court identification cannot be admitted, an in-court identification may still be made if the origin of that identification is independent of the inadmissible out-of-court identification procedure.

*Id.*

█ In *Biggers*, 409 U.S. at 199, the Supreme Court held that, although the out-of-court identification procedure was unduly suggestive, the identification was nevertheless admissible because given the "totality of the circumstances," the identification was reliable. Several "factors to be considered in evaluating the likelihood of misidentification" were listed by the Court. *Id.* at 199-200. These include:

[T]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

*Id.*

In *Brathwaite*, 432 U.S. 98 (1977), an undercover officer posing as a narcotic purchaser was shown a single photograph of the defendant. The undercover officer identified the defendant as the seller. Applying the factors enumerated in *Biggers*, the Court held that, while the identification procedure was suggestive, under the totality of the circumstances, the identification was reliable. *Id.* at 116. The Court further stated that "[t]he defect, if there be one, goes to weight and not to substance." *Id.* at 117.

In this case, Billy Stevens was shown a photo layout containing five or six photos of black men, not including Miller. Stevens advised the officer that the perpetrator was not shown in the array. Stevens was later shown a single photo of Miller and identified him as the perpetrator. Stevens also identified Miller at a preliminary hearing, the suppression hearing and at trial.

Although it would have been better if Miller's photo had been viewed with a group of others, we do not believe the identification procedure was so unduly suggestive as to result in irreparable mis-identification. Stevens testified that he saw Miller in the store three different times on the day of the rental. Stevens spoke to Miller on each occasion and filled out the rental form. A driver's license was required to rent the equipment; thus Stevens necessarily had to pay attention to Miller. A description of what the perpetrator looked like and what he was wearing was also given by Stevens. While it is unclear from the record exactly what time elapsed between the date of the rental, September 20, 1984, and the photo identification, Stevens stated that he viewed the photos sometime in October. In any event, the preliminary hearing was held in October. Thus, we do not believe that the lapse of time was so great as to result in a misidentification.

Having satisfied the factors enumerated in *Biggers*, we believe that under the totality of the circumstances the identification was reliable and no irreparable harm resulted to appellant. The defect, if any, "goes to weight and not to substance." *Brathwaite*, 432 U.S. at 117. Therefore, the trial court properly denied the motion to suppress.

We do not reach the challenge to the sufficiency of the evidence as the case is reversed and remanded for the reasons stated above.

*Reversed and remanded.*

Cole, J., and Keenan, J., concurred.