Norfolk

JOHN EDWIN COLCLASURE

v.

COMMONWEALTH OF VIRGINIA

No. 0313-88-1

Decided April 17, 1990

Counsel

Lawrence A. Martin, for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**WILLIS, J.**—John Edwin Colclasure was convicted by a jury of robbery and of using a firearm in the commission of robbery, "this being a second or subsequent offense." He contends that the trial court erred: (1) in receiving into evidence a certified copy of an order of his prior conviction of the firearm charge; (2) in refusing to order separate trials for the robbery and firearm charges; and (3) in refusing to declare a mistrial after some jurors allegedly saw him in handcuffs and leg restraints outside the courtroom. Finding no error, we affirm the convictions.

During the trial, the Commonwealth tendered a certified copy of an order showing that Colclasure had been convicted previously of use of a firearm while committing robbery. The order contained the date and type of offense, the date of conviction, and the sentence imposed. The defense objected on the ground that this showing was impermissibly prejudicial and argued that the trial court should instruct the jury that if they found the defendant guilty of the firearm charge, they should sentence him to four years imprisonment under the enhanced punishment provisions of Code §

18.2-53.1. We disagree.

 The Commonwealth bears the burden of proving all the elements of the offense charged. Therefore, it is entitled to present by competent evidence a complete demonstration of all the facts upon which the accusation is based. The defendant cannot limit or control the presentation of the Commonwealth's case by offering partial or qualified stipulations. *See Glover v. Commonwealth*, 3 Va. App. 152, 161-62, 348 S.E.2d 434, 441 (1986), *aff'd*, 236 Va. 1, 372 S.E.2d 134 (1988).

> Evidence which shows or tends to show the accused is guilty of the commission of other offenses at other times is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense similar to that charged; but if such evidence tends to prove any other relevant fact of the offense charged, and is otherwise admissible, it will not be excluded merely because it also shows him to have been guilty of another crime. *Williams v. Commonwealth*, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962).

The receipt into evidence of the order of prior conviction worked no prejudice to the defendant other than to prove the crime with which he was charged. The order was competent evidence. Indeed, it was the best evidence of its subject matter.

 Colclasure next contends that upon ruling that the order of his prior conviction would be received, the trial court should then have granted his motion for separate trials on the two charges. This motion was correctly denied. It was ill-founded and was not timely made. The two charges were properly joined. *See* Rule 3A:10. There has been no showing that justice required otherwise, and the two charges met the requirements of Rule 3A:6(b). Furthermore, a motion for separate trials must be made before trial begins or it is deemed waived. *Burgess v. Commonwealth*, 224 Va. 368, 372, 297 S.E.2d 654, 656 (1982).

Finally, Colclasure maintains that the trial court erred in denying his motion for a mistrial based on his assertion that, during the lunch recess, some jurors saw him being escorted in custody and under physical restraint by sheriff's deputies. He argues that this prejudiced his right to a fair trial. We disagree.

Code § 8.01-361 provides that the trial court may properly discharge the jury "when it appears . . . that there is a manifest necessity for such discharge."

"There is no general rule as to what facts and circumstances constitute such a necessity but the trial court is authorized by the statute to exercise its discretion in making that determination according to the circumstances of the case. Absent a showing of abuse, the court's exercise of its discretion will not be disturbed." *Manning v. Commonwealth*, 2 Va. App. 352, 356, 344 S.E.2d 197, 199 (1986).

In *Miller v. Commonwealth*, 7 Va. App. 367, 373 S.E.2d 721 (1988), we held that a mistrial should have been granted where the defendant was brought into the courtroom in shackles in full view of the jury. In *Miller* the defendant was charged with a minor nonviolent crime. There was no suggestion that he was violent or a security risk. The law is well settled in Virginia that, where security requires and proper instructions are given, a criminal defendant may be restrained in the courtroom in the presence of the jury. *See Illinois v. Allen*, 397 U.S. 337, 344 (1970); *Gray v. Commonwealth*, 233 Va. 313, 343-44, 356 S.E.2d 157, 174, *cert. denied*, 484 U.S. 873 (1987); *Frye v. Commonwealth*, 231 Va. 370, 381-82, 345 S.E.2d 267, 276 (1986).

Colclasure was on trial for two serious crimes, and the jury had before it evidence that he had been convicted recently of another serious crime. He was not presented in open court under restraint. The need for restraining him on the courthouse grounds during recess is manifest. There was nothing surprising or shocking in his being seen under these circumstances. Moreover, the court gave a cautionary instruction that the jury should consider nothing extraneous to the trial in reaching its verdict. It is presumed that the jury heeded and followed that instruction. *See LeVasseur v. Commonwealth*, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983), *cert. denied*, 464 U.S. 1063 (1984). We find no abuse of discretion in the trial court's denial of the motion for a mistrial.

For the foregoing reasons the judgment of the trial court is

*Affirmed.*

Baker, J., and Barrow, J., concurred.