## Norfolk

SAMUEL JONES

v.

CITY OF VIRGINIA BEACH

No. 0390-92-1

Decided November 30, 1993

COUNSEL

Eric M. Hurt, certified under the third year practice rule (Denise W. Bland; Post Conviction Assistance Project, Marshall-Wythe School of Law, on brief), for appellant.

Teresa H. Banyard, Assistant City Attorney (Leslie L. Lilley, City Attorney, on brief), for appellee.

OPINION

**BENTON, J.**—Samuel Jones was convicted of public intoxication in violation of the City of Virginia Beach Code § 23-22. On this appeal, Jones contends that he was denied due process because (1) he was denied access to an exculpatory certificate of breath alcohol analysis; (2) the trial judge denied his request to call the breath test operator as a witness; and (3) the trial judge failed to act upon his motion to vacate the judgment before losing jurisdiction over the case. We reverse the conviction.

## I.

Both parties filed a written statement of facts and testimony in accordance with Rule 5A:8. Jones did not have legal counsel at trial. The trial judge signed the statement prepared by the City of Virginia Beach. That statement of facts states in pertinent part that Officer G. L. Wylie testified that he heard a radio report that a 1977 beige-colored vehicle was zigzagging across Princess Anne Road. Wylie later saw Jones sitting outside a vehicle that met the description. When Wylie approached Jones, he smelled alcohol and then required Jones to perform several sobriety tests. He testified that Jones "failed" all the tests.

Wylie told Jones that he was charging him with driving under the influence of alcohol and took Jones to a police precinct for a breath test. He testified that because Jones "played games" while taking the

breath test, he charged Jones with refusal to take the test and took Jones to a magistrate. After the magistrate read to Jones the "refusal form," the officer returned Jones to the precinct to take the breath test again. Following a conference between Wylie and the magistrate, the magistrate issued a warrant charging Jones with public intoxication under Virginia Beach Code § 23-22.

Wylie testified that because Jones was out of his vehicle when he first saw Jones, he chose to charge Jones only with public intoxication. Wylie also testified that he had no recollection of Jones mentioning at the time of the arrest, a broken hip. He recalled, however, that when the warrant was being issued, Jones tried to explain that a broken hip was the reason for his poor performance on the sobriety tests.

Jones testified on his own behalf and admitted that he had had "a couple of beers." Jones also testified that he had been driving the vehicle and that he had performed poorly on the sobriety tests. Jones was convicted of public intoxication in violation of Virginia Beach Code § 23-22.

## II.

Jones contends that he was deprived of the right to the certificate of breath analysis that tended to prove he was not intoxicated. The record proves that, thirty days prior to trial and while detained in jail, Jones sent a letter to the magistrate who issued the arrest warrant. Jones's letter asked that the magistrate and the police send him a copy of the breath test analysis and requested the name of the test examiner. The magistrate sent a reply letter informing Jones that the magistrate's office did not have the analysis and that he should contact the police.

Jones then sent to the circuit court a motion requesting issuance of a subpoena duces tecum for the breath test certificate. The motion was executed before a notary public and contained the statement "that on the below date of notarization, [Jones] placed in the hands of the notary, a jail staff, the '*original*' and (2) true and accurate copies of said motion to be sent and hand delivered to the clerk's office - Circuit Court - City of Virginia Beach." The motion was signed on December 18, 1990, and was marked "filed" in the circuit court on December 20, 1990, the day of Jones's trial. The record also indicates that Jones raised this matter before the trial judge on December 20, prior to the commencement of trial. The trial judge denied Jones's motion.

▮ Long established principles require the prosecutor to disclose to an accused exculpatory evidence. The United States Supreme Court has held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83, 87 (1963). The Court has also recognized that disclosure may be required when there has been no specific request.

> [T]here are situations in which evidence is obviously of such substantial value to the defense that elementary fairness requires it to be disclosed even without a specific request. For though the attorney for the sovereign must prosecute the accused with earnestness and vigor, he must always be faithful to his client's overriding interest that "justice shall be done." He is the "servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer."

*United States v. Agurs,* 427 U.S. 97, 110-11 (1976) (footnote omitted) (citation omitted). *See also United States v. Keogh,* 391 F.2d 138, 147 (2d Cir. 1968); *Hamric v. Bailey,* 386 F.2d 390, 393 (4th Cir. 1967); *Levin v. Katzenbach,* 363 F.2d 287, 290 (D.C. Cir. 1966).

Jones was prosecuted under Virginia Beach Code § 23-22, which reads, in pertinent part, as follows:

> If any person be intoxicated in public, whether such intoxication results from alcohol, narcotic drug or other intoxicant or drug of whatever nature, he shall be deemed guilty of a Class 4 misdemeanor.

Thus, a determination of whether Jones was intoxicated was the central issue in establishing his guilt or innocence.

▮ The police had in their possession a certificate of breath analysis that indicated Jones's blood alcohol content at his arrest. The certificate showed that Jones's blood alcohol concentration was .02 percent when the breath test was taken. This ratio is far below the *per se* definition of "intoxication" contained in the implied consent statute. *See* Code § 18.2-266. Although Jones was being prosecuted for public intoxication and not for driving while intoxicated, the certificate could have been used as evidence that tended to show he was not intoxicated. The prosecutor was deemed to know the contents of Jones's certificate because "constructive knowledge is . . . attributed to the

prosecutor where the information is in possession of the police."
*Fitzgerald v. Bass,* 6 Va. App. 38, 50, 366 S.E.2d 615, 621 (1988),
*cert. denied,* 493 U.S. 945 (1989).

When Jones sought to obtain the certificate of analysis, he was a
*pro se* litigant and incarcerated in jail. Jones did not act unreasonably
in attempting to obtain the certificates for use in his defense at trial.
We conclude that Jones's motion sufficed as a request for exculpatory
information and should have been granted.[1]

### III.

An accused "cannot be deprived of the opportunity to put his
evidence and version of the facts before the [fact finder] so 'as to de-
prive [the accused] of his Sixth Amendment right to confront and
cross-examine his accuser and to call witnesses in his defense.' "
*League v. Commonwealth,* 9 Va. App. 199, 205, 385 S.E.2d 232, 236
(1989) (quoting *Winfield v. Commonwealth,* 225 Va. 211, 218, 301
S.E.2d 15, 19 (1983)), *aff'd,* 10 Va. App. 428, 392 S.E.2d 510 (1990).
"In order to assert his right to compulsory process, the accused is re-
quired to make a plausible showing that the testimony sought would
be both material and favorable to his defense." *Howard v.
Commonwealth,* 6 Va. App. 132, 144, 367 S.E.2d 527, 534 (1988).

The record indicates that Jones was incarcerated until trial.
Therefore, he had no opportunity to question the examiner who ad-
ministered the breath test and, thus, could not know exactly what she
would say as a witness. *See Howard,* 6 Va. App. at 144, 367 S.E.2d at
534. The record indicates, however, that the examiner completed the
breathalyzer test and prepared a certificate of that test. Thus, the ex-
aminer could testify regarding the procedures she used, the attestation
clause certifying that the test was performed properly, and the .02 per-
cent blood alcohol concentration results. This information was materi-
al to the issue of whether Jones was intoxicated and the information
regarding the .02 percent results tended to be favorable to his defense
that he was not intoxicated. Thus, the trial judge erred in refusing to
allow Jones to call the examiner as a witness.

---

[1] We also note that the certificate Jones sought to obtain contained an attestation clause
signed by the examiner stating that the test was properly performed. That certification tended to
contradict the City's claim that the test results "would only show the inconclusiveness of the
breath test results." The certificate also tended to refute Wylie's testimony that Jones did not
properly take the breath test.

■ The City contends that because it stipulated the test result, the absence of the examiner and the certificate of analysis did not prejudice Jones. The record establishes, however, that the City's stipulation was not unequivocal and was not dispositive of the issue Jones sought to prove. The written statement of facts recites that "the city did not disagree that .02 was a result of a partial reading." In cases in which an accused has offered partial stipulations, this Court has stated that the accused "cannot limit or control the presentation of the Commonwealth's case by offering partial or qualified stipulations." *Colclasure v. Commonwealth,* 10 Va. App. 200, 202, 390 S.E.2d 790, 791 (1990). *See also Hudson v. Commonwealth,* 9 Va. App. 110, 112, 383 S.E.2d 767, 768-69 (1989); *Glover v. Commonwealth,* 3 Va. App. 152, 162, 348 S.E.2d 434, 441 (1986), *aff'd,* 236 Va. 1, 372 S.E.2d 134 (1988). These same principles apply when the accused presents a defense and the government offers a partial or qualified stipulation. The record proves that the stipulation did not encompass the entire matter at issue. Consequently, the refusal to allow Jones to call the examiner as a witness was prejudicial.

Because we reverse the conviction and remand for a new trial, we need not address Jones's argument that the trial judge erred in failing to act on his motion to vacate the judgment within twenty-one days of entry of the final order. For the reasons heretofore stated, we reverse the conviction and remand for a new trial.

*Reversed and remanded.*

Barrow, J., concurred.

Baker, J., concurring:

I concur with the portion of the majority opinion that holds the trial court erred when it denied appellant access to exculpatory evidence. The record clearly discloses that access to the certificate of breath alcohol analysis sought would have tended to prove appellant's innocence and that the examiner could have testified that the test was properly administered and the result correctly certified.

To the extent that the majority opinion may be interpreted that pro se litigants are not required to comply with time bar rules, I would dissent; however, under the facts of this case, I would hold that the ends of justice require that I join with the result determined by the majority.