COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Norfolk, Virginia


COROM MORRISETT

                                   MEMORANDUM OPINION* BY
v.    Record No. 1296-98-1         JUDGE SAM W. COLEMAN III
                                        MAY 18, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Johnny E. Morrison, Judge

         Dianne G. Ringer, Senior Assistant Public
         Defender, for appellant.

         Kathleen B. Martin, Assistant Attorney
         General (Mark L. Earley, Attorney General,
         on brief), for appellee.


     Corom Morrisett was convicted in a jury trial of two counts

of robbery and two counts of use of a firearm in the commission

of a robbery.  On appeal, Morrisett contends the trial court

erred by compelling him to appear before the jury in a jail

uniform.  Additionally, Morrisett contends that the evidence is

insufficient to support the jury's verdicts.  We find that the

trial court did not abuse its discretion, or violate Morrisett's

constitutional rights, by proceeding with the trial.

Additionally, we find that the evidence was sufficient to

support the convictions.

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

<u>BACKGROUND</u>

When considering the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences fairly deducible therefrom. See <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Morrisett and another individual entered a gas station convenience store as the cashiers prepared to change shifts. Morrisett, the taller of the two, wore a red hat with the flaps down and stated, "this is a hold-up." The shorter man brandished a handgun. The two cashiers emptied their respective cash register drawers giving the contents to Morrisett and his accomplice who, thereafter, fled from the store.

Neither cashier could identify the defendant from a photo lineup, but both identified Morrisett at trial, and both identified a red hat officers found in Morrisett's bedroom as the hat that Morrisett wore during the robbery.

While in custody, Morrisett viewed a surveillance tape from the store's security camera. While watching the tape, without any provocation, the defendant pointed to the taller man with the hat and said, "that's me." At trial Morrisett denied making the statement, and denied owning the red hat. Additionally, Morrisett testified that he was in Baltimore when the crime occurred. His mother corroborated the alibi.

-

Before the trial date, Morrisett discussed with his attorney the merits of requesting a jury trial or bench trial. Morrisett "wavered" between requesting a jury or a bench trial but on the day before trial he told his attorney he wanted to be tried by the court, and the case was set for a bench trial. About fifteen minutes before the judge called the case, Morrisett informed his attorney that he wanted a jury trial. Despite the late notice, the trial judge was able to accommodate Morrisett's request because a jury was available.

However, when the trial judge asked if the defense was ready to proceed, counsel for Morrisett responded:

> Judge the defense is not ready on this case. Mr. Morrisett just informed me . . . he wanted a jury trial. Seeing that that was the case, Judge, you can see that he is in a jail uniform, Portsmouth City Jail uniform.
>
> If we're going to have a jury case, I think it would be prejudicial for the client to be sitting at the defense table in jail clothes.
>
> I did talk with my investigator to have him . . . check to see whether we had any clothes that would fit Mr. Morrisett. . . . He indicated to me that we didn't have any . . . .
>
> Based on that, judge, we're not ready.

Morrisett indicated that he was otherwise ready to proceed, and the judge determined to proceed with the case.

-

ANALYSIS

The conduct of a trial is left to the discretion of the judge, however, "it is incumbent upon the trial court to exercise that discretion with extreme caution to avoid infringing upon the rights of the accused to a fair and impartial trial." Miller v. Commonwealth, 7 Va. App. 367, 371, 373 S.E.2d 721, 723 (1988).

> "Every procedure which would offer a possible temptation to the average man . . . to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law."

Estes v. Texas, 381 U.S. 532, 543 (1965) (quoting Tumey v. Ohio, 273 U.S. 510, 532 (1927)).

One of the "axiomatic and elementary" requirements of a fair trial is the presumption of innocence which "lies at the foundation of the administration of our criminal law." Coffin v. United States, 156 U.S. 432, 453 (1895); see Estelle v. Williams, 425 U.S. 501, 503-04 (1976). As part of this presumption, defendants at trial are "entitled to be clothed with indicia of innocence" until such time as guilt is determined by the judge or jury. See Vescuso v. Commonwealth, 4 Va. App. 32, 40, 354 S.E.2d 68, 72 (citing Harrell v. Israel, 672 F.2d 632, 635 (7th Cir. 1982)), aff'd en banc, 5 Va. App. 59, 360 S.E.2d 547 (1987). Moreover, the accused is entitled to have his or her "'guilt or innocence determined solely on the

-

basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial.'" See id. (quoting Taylor v. Kentucky, 436 U.S. 478, 485 (1978)).

The United States Supreme Court, in Williams, stated that a trial court violates a defendant's due process right to the presumption of innocence when the trial court compels the accused to wear prison clothes before a jury during trial. See Williams, 425 U.S. at 503-06; see also Holbrook v. Flynn, 475 U.S. 560, 568 (1986) (discussing Williams); United States v. Hurtado, 47 F.3d 577, 580-82 (2nd Cir. 1995) (applying Williams). Unlike the necessity to apply shackles or physical restraints to an unruly defendant, compelling a defendant to appear in jail clothing "furthers no essential state policy." Williams, 425 U.S. at 504. "That it may be more convenient for jail administrators, a factor quite unlike the substantial need to impose physical restraints upon contumacious defendants, provides no justification for the practice." Id. (footnote omitted).

We find that by proceeding with the trial over Morrisett's objection, the trial court neither compelled Morrisett to stand trial in prison garb, nor abused its discretion.

Morrisett, who had earlier agreed to a bench trial, decided to request a jury trial approximately fifteen minutes before his trial was to begin. When the court accommodated that last

-

minute request, Morrisett then told the court that he was not prepared for trial because he wore prison garb. His counsel stated, "The defense is not ready in this case," and proceeded to explain why. Morrisett made no motion for relief, other than to state that under the circumstances, the defense was not prepared to begin. The defendant made no motion for a recess or brief delay to obtain non-prison garb and did not propose any course of action to obtain non-prison garb. As the trial court noted, Morrisett's mother was present at the trial and possibly could have obtained clothes for Morrisett, but he made no request or motion to be allowed to do so.

The record suggests that Morrisett was attempting to delay trial. He requested a jury trial at the last moment. When that request failed to delay the trial, he stated he was unprepared for trial due to the prison garb. When the court refused to continue the trial, Morrisett stated that he was dissatisfied with his lawyer due to a conflict of interest.

Under these circumstances, where the defendant informed the court that he was not prepared to proceed but did not move the court to accommodate any course of action to obtain non-prison garb, or for any other relief, the trial court did not err in proceeding to trial as scheduled. No motion having been made requiring a trial court ruling, the court did not "compel" Morrisett to wear prison garb at trial.

-

Additionally, we find the evidence was sufficient to support the convictions.  Viewed in the light most favorable to the Commonwealth, the evidence proved that Morrisett confessed to being the taller individual in the videotape of the robbery.  That confession, the two positive identifications at trial, the admission of the videotape and the admission of the identified red hat into evidence, entitled the jury to convict Morrisett.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>