**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4255

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND DAVID WILSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:05-cr-00279-DCN)

Submitted:  December 4, 2006      Decided:  December 20, 2006

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant.
Reginald I. Lloyd, United States Attorney, Alston C. Badger,
Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arises out of a convenience store robbery and show-up confrontation between the store cashier, Norris Reid, and the defendant, Raymond David Wilson, in which Reid identified Wilson. Because we conclude, based on the totality of the circumstances and the five factors identified by the Supreme Court in Neil v. Biggers, 409 U.S. 188, 199-200 (1972), that Reid's identification was reliable, we affirm.

I.

On December 20, 2004, at approximately 3:30 a.m., a black male entered a Charleston convenience store, pointed a gun at the sole cashier, Norris Reid, and demanded money and packs of Newport cigarettes. Reid handed the cash and cigarettes to the robber, whose face was partially covered by a black and grey checked jacket draped over his head. After threatening to shoot Reid, the gunman ordered Reid into the store bathroom, grabbed two 24-ounce Miller Lite bottles of beer, and left the store. Reid remained in the bathroom a short period of time, and emerged to see a red Pontiac Grand Am driving out of the store lot.

Reid called the police. He described the robber, and his clothing, firearm, and car to a City of Charleston police officer. The description was radioed to other units, and, within approximately ten minutes, a second Charleston Police Officer,

Officer West, spotted a red Pontiac Grand Am parked at a second convenience store a short distance from the robbery scene. Officer West initiated a traffic stop and the defendant was arrested while trying to evade the stop. Officer West testified that when the defendant emerged from his still-moving car and ran around a nearby house he was wearing a black and grey checked jacket and had a gun in his hand. He searched the area and found a black handgun beside a car. The defendant contends, however, that the gun and jacket were both found in the red Pontiac.

Officer West removed $34.54 and approximately $50 worth of crack cocaine from Wilson's pockets. Five packs of Newport cigarettes and two 24-ounce Miller Lite bottles of beer were found in the front passenger seat of the Grand Am. Following Wilson's arrest, Corporal Jim Byrne drove Reid to the arrest scene twice. On the first visit, Reid identified the Pontiac Grand Am, the grey and black checked jacket, and the defendant. On the second trip to the arrest scene, Reid identified the .38 caliber gun recovered from the arrest scene. The time from robbery to identification was approximately twenty to thirty minutes.

Wilson filed a pre-trial motion to suppress Reid's out-of-court identification on the grounds that the arrest scene show-up was impermissibly suggestive. The district court denied the motion because it found that Wilson's show-up was not suggestive and because, even if the show-up was suggestive, Reid's identification

3

was a reliable one. The jury convicted Wilson of armed robbery, use of a firearm in relation to a crime of violence, felon in possession of a firearm, and possession of crack cocaine. Wilson now appeals.

## II.

We review the district court's factual findings for clear error and legal conclusions de novo. United States v. McKinnon, 92 F.3d 244, 246 (4th Cir. 1996) (citations omitted). We review for abuse of discretion the court's rulings on the admissibility of evidence. United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995).

The Supreme Court has outlined a two-step approach to determine the admissibility of identification testimony. First, the defendant must prove that the identification procedure was impermissibly suggestive. Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994) (citing Manson v. Brathwaite, 432 U.S. 98, 114 (1977)). Second, even if the defendant proves that the identification procedure was suggestive, an identification is still valid if reliable. Brathwaite, 432 U.S. at 114; Neil v. Biggers, 409 U.S. 188, 199 (1972).

The reliability of eyewitness identifications are assessed "under the totality of the circumstances," Satcher v. Pruett, 126 F.3d 561, 566 (4th Cir. 1997), gauged by the five factors

4

identified by the Supreme Court in Neil v. Biggers, 409 U.S. 188, 199-200 (1972). These factors include: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Brathwaite, 432 U.S. at 114.

Defendant maintains that the arrest scene show-up confrontation in which Reid identified him was unconstitutionally suggestive. Reid identified Wilson from the front seat of Corporal Byrne's patrol car. The defendant was placed in front of the patrol car, and Corporal Byrne illuminated the area with his headlights and the white lights located on top of his car. Defendant challenges as suggestive the fact that he was handcuffed and wearing a restraint belt and leg chains. Likewise, defendant claims that the show-up was suggestive because Corporal Byrne asked Reid if he recalled the gunman's height, weight, build, jacket, belt, pants, and shoes.

To begin with, the exclusion of identification evidence is a "drastic sanction" which is "limited to identification testimony which is manifestly suspect." Harker v. Maryland, 800 F.2d 437, 443 (4th Cir. 1986). Thus, while arrest scene show-ups may under some circumstances be suggestive, see, e.g., Smith v. Coiner, 473 F.2d 877, 881 (4th Cir. 1973), prompt show-ups are not per se

5

suggestive and may in fact "promote fairness, by enhancing reliability of the identifications, and permit expeditious release of innocent subjects." Willis v. Garrison, 624 F.2d 491, 494 (4th Cir. 1980) (quoting Stanley v. Cox, 486 F.2d 48, 51 (4th Cir. 1973)).

Assuming, however, that this show-up was suggestive, we "proceed directly to the reliability of the identification" to determine its admissibility. Holdren, 16 F.3d at 61 (citations omitted). Here, the totality of the circumstances and all five of the Biggers factors support the district court's finding that Reid's identification of the defendant was sufficiently reliable.

1. The Opportunity to View. Reid had an adequate opportunity to view the gunman during the course of the robbery. The convenience store surveillance tape reviewed by the district court shows a well-lit store, that the robbery lasted one minute and forty-nine seconds, that Reid and the gunman were standing less than two feet apart during most of that time, and that five hand-to hand exchanges took place between Reid and the gunman.

Wilson argues that Reid did not have ample opportunity to observe the robber's face. Even if true, we held in Willis v. Garrison, that "height, weight and clothing are acceptable elements of identification" especially where, as here, "the confrontation takes place shortly after the crime when it may reasonably be inferred that the suspect is dressed as he was at the time of the

6

robbery." 624 F.2d at 494-95. Indeed, the <u>Willis</u> robbery victim was unable to discern <u>any</u> of his attacker's facial characteristics. <u>Id.</u> at 492. We nevertheless upheld the victim's identification -- based on the suspect's height, weight, clothing, and automobile -- as reliable. <u>Id.</u> at 494-95.[*]

2. The Degree of Attention. The district court properly concluded that Reid was attentive. Reid was not a casual observer. He testified that he looked the perpetrator "in the face" and also observed his clothing and firearm. <u>See Willis</u>, 624 F.2d at 494. Reid's attentiveness is also evidenced by his detailed description of the gunman, his clothing, his weapon, and his car to police officers.

3. Accuracy of the Description. We agree with the district court that Reid's description of the gunman was not only accurate but "right on the money." As in <u>Willis</u>, the eyewitness's description included Wilson's "race, height, approximate weight, complexion, and clothing." <u>Willis</u>, 624 F.2d at 494. Specifically, Reid told Officer Salkeld that the robber was a black male approximately 25 years old, 5'9" to 5'10" tall, of medium build and complexion, and weighing between 150 and 180 pounds. The defendant

---

[*]Wilson also argues that this Court's finding, in <u>Smith v. Coiner</u>, 473 F.2d 877 (4th Cir. 1973), that a victim's identification was not reliable, controls this case. But the victim in <u>Smith</u> suffered from impaired eyesight and observed her assailant for "two seconds" with a flashlight. <u>Id.</u> at 882. Reid's opportunity to view the defendant is not analogous.

7

is a black male, 25 years old, five feet nine inches tall, and weighs approximately 190 pounds.  Again, as in <u>Willis</u>, the eyewitness also gave an accurate description of defendant's vehicle.  <u>See</u> <u>Willis</u>, 624 F.2d at 494.

4. The Witness' Level of Certainty.  Reid testified at trial that he was "sure" of his identification.  His conduct at the show-up buttresses this testimony.  Reid immediately identified the black and grey checked jacket and the red Pontiac and positively identified Wilson after studying him for a few minutes.  <u>See</u> <u>Willis</u>, 624 F.2d at 494 (out-of-court identification admissible where eyewitness positively identified defendant after he put on clothing he was wearing during the robbery).

5. The Time Between the Crime and Confrontation.  Reid's identification of Wilson as robber occurred within twenty to thirty minutes of the underlying offense.  This short time frame, like the other four <u>Biggers</u> factors, weighs in favor of reliability.  <u>Id.</u> at 494-95.

Finally, Wilson argues that Reid's in-court identification was improper.  But an in-court identification is admissible if reliable, <u>United States v. Wilkerson</u>, 84 F.3d 692, 695 (4th Cir. 1996), and Wilson does not argue that Reid's in-court identification was not reliable.

8

III.

For the foregoing reasons, we affirm Reid's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED