# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

 v.

Justin Edward Thompson

 Case Nos. CR07-1856, CR07-1858, CR07-1859

Commonwealth of Virginia

 v.

Deonte Jovan Trent

 Case Nos. CR07-1857, CR07-1860, CR07-1861

 September 27, 2008

BY JUDGE CLIFFORD R. WECKSTEIN

 According to the testimony at a suppression hearing, a married couple was robbed at gunpoint, late at night, in the parking lot of a Roanoke motel. As the robbers were fleeing, but still in sight, one of the complaining witnesses used her cell phone to report the crime and describe the perpetrators. Within a short time, Roanoke City Police officers, using descriptions furnished by the complaining witnesses, detained defendants Dante Jovan Trent and Justin Edward Thompson near the motel. A police sergeant told the complaining witnesses that the police wanted them to look at someone. In a police car, they were taken to observe one person sitting on the ground, clearly detained by police officers, and another person in the back of a police car, also

clearly being detained by the police. They identified Trent and Thompson as the persons who robbed them. Immediately after they made the identifications, they were asked if they could identify property then in the hands of the police. This was, they said, property of theirs, taken in the robbery. The defendants were then taken before a magistrate. Each of them now stands indicted for robbery and for two counts of using a firearm in the commission of robbery.

Each defendant, arguing that the police department's tactics were improperly suggestive, moved the Court to preclude the Commonwealth from introducing evidence of the out-of-court identifications and from asking either of the complaining witnesses, in court, to identify the robbers.

The court has heard the testimony of the complaining witnesses and of police officers and has received a stipulation about the testimony of another police officer. Counsel have argued, orally and in writing, and submitted authorities.

At trial, an out-of-court identification "will be admitted if either (a) the identification was not unduly suggestive, or (b) the procedure was unduly suggestive, but the identification is nevertheless so reliable . . . that there is no substantial likelihood of misidentification." *Miller v. Commonwealth*, 7 Va. App. 367, 373, 373 S.E.2d 721 (1988) (internal quotation marks and citation omitted). Even if evidence of the out-of-court identifications cannot be admitted, in-court identifications "may still be made if the origin of [those] identification[s] is independent of the inadmissible out-of-court identification procedure." *Hill v. Commonwealth*, 2 Va. App. 683, 693, 347 S.E. 2d 913 (1986).

Since the United States Supreme Court's decision in *Stovall v. Denno*, 388 U.S. 293 (1967), it has been recognized that unduly and unnecessarily suggestive pre-charge identification procedures may be so conducive to irreparable mistaken identity as to violate due process. "The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup," the Supreme Court said in *Stovall*, "has been widely condemned." *Id.* at 302. This practice, showing suspects singly to persons for purpose of identification, is known as a "showup." *State v. Herrera*, 902 A.2d 177, 180-82 (N.J. 2006). "Suggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the increased chance of misidentification is gratuitous." *Neil v. Biggers*, 409 U.S. 188, 198 (1972). "However, a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it." *Stovall*, 388 U.S. at 302.

136

In *Manson v. Braithwaite*, 432 U.S. 98 (1977), the Supreme Court described the analysis necessary to determine if identification evidence is a result of unduly suggestive police procedures that violate due process. The trial court must first determine whether the particular process used by police to garner an identification from an eyewitness was "suggestive and unnecessary." *Id.* at 109-11. If the procedure was "suggestive and unnecessary," then the prosecution bears the burden of proving by clear and convincing evidence that the identification otherwise "possesses sufficient aspects of reliability." *Id.* at 107. In making this determination, the Court stated, several factors are to be considered:

> These include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Id.* at 114; *see also Neil v. Biggers*, 409 U.S. 188, 199 (1972). The "clear and convincing" standard, though not found in *Manson*, is well-established. *See Wade v. United States*, 388 U.S. 218, 240 (1967); *Jones v. Wisconsin*, 562 F.2d 440, 443 (7th Cir. 1977); *United States v. Dailey*, 24 F.2d 911, 916 (8th Cir. 1975); *Thomas v. New Jersey*, 472 F.2d 735, 738 (3d Cir. 1973), *cert. denied* 414 U.S. 878 (1977); *Kimbrough v. Cox*, 444 F.2d 8, 11 (4th Cir. 1971).

The evidence presented at the suppression hearing satisfied this Court (as I ruled at the time) that, in combination with the suggestiveness inherent in a showup, the added comments by the police and the manner in which the defendants were exhibited to the complaining witnesses rendered the showup procedures in the out-of-court identification of both defendants impermissibly suggestive. I proceeded (without specific inquiry into whether the showup was "unnecessary"), to consider whether, under *Manson* the complaining witnesses could offer identification testimony at trial. I will not lengthen this opinion letter by repeating everything I said from the bench. This Court is of the opinion that the evidence relevant to the *Manson* factors clearly and convincingly demonstrates that the complaining witnesses should be allowed to make in-court identifications, if they are able to do so. Ultimately, of course, the jury will determine the weight to give to all of the evidence, including any in-court identifications.

I reserved judgment on whether the Commonwealth should be allowed to present evidence of the out-of-court identifications as part of its case-in-chief. I did so, as I indicated at the time, because the testimony of the police sergeant who was in charge of the early phases of the investigation in this case seemed to indicate that the one-on-one showup is a routine investigative tool of the Roanoke City Police Department, and that lineups are, in essence, no longer used. The testimony of this sergeant — who the Court has every reason to believe is intelligent, trustworthy, able and experienced — demonstrated (like testimony I have heard in other hearings during my twenty-one years on the bench of this Court) that Roanoke City Police officers are not being trained to avoid the sorts of showups (corporeal and photographic) that the Supreme Court has long condemned as "suggestive and unnecessary." I asked at the suppression hearing whether the exclusion of the out-of-court identification was necessary under the rule of *Mapp v. Ohio*, 367 U.S. 643, 655 (1961), in order to deter routine use of unnecessary and suggestive one-on-one showups. *See Whitley v. Warden*, 401 U.S. 560, 558-69 (1971).

The answer supplied by the case law is that suppression of evidence "has always been our last resort, not our first impulse. The exclusionary rule generates substantial social costs, which sometimes include setting the guilty free and the dangerous at large.." *Hudson v. Michigan*, 547 U.S. 586, 591 (2007) (internal quotation marks and citations omitted). The exclusion of identification evidence is a "drastic sanction," "limited to identification testimony which is manifestly suspect." *Harker v. Maryland*, 800 F.2d 437, 443 (4th Cir. 1986).[1] The Supreme Court has determined that once the trial court finds that identification procedures were impermissibly suggestive, the court looks, not to exclusion of evidence, but to whether the identification was nevertheless reliable under the totality of the circumstances. *See Manson*, 432 U.S. at 114. Without determining whether the defendants have met the threshold requirement of suggestiveness, the court could have proceeded directly to the reliability of the identification. *Holdren v. Legursky*, 16 F.3d 57, 61-62 (4th Cir.), *cert. denied, sub nom Holdren v. Trent*, 513 U.S. 831 (1994).

---

[1] In an unpublished opinion, the Fourth Circuit noted that, "while arrest scene show-ups may under some circumstances be suggestive, see, e.g., *Smith v. Coiner*, 473 F.2d 877, 881 (4th Cir. 1973), prompt show-ups are not *per se* suggestive and may in fact "promote fairness, by enhancing reliability of the identifications, and permit expeditious release of innocent subjects." *Willis v. Garrison*, 624 F.2d 491, 494 (4th Cir. 1980) (quoting *Stanley v. Cox*, 486 F.2d 48, 51 (4th Cir. 1973)). *United States v. Wilson*, 210 Fed. Appx. 263, 265-66 (4th Cir. 2006).

138

This Court, in the exercise of its guarded discretion — mindful of the reason that it reserved judgment in the first place — must find, after applying the *Manson* standards to the testimony of each of the complaining witnesses, that the Commonwealth has met its burden, clearly and convincingly, of demonstrating that the out-of-court identification "was so reliable that there was no substantial likelihood of misidentification." *Miller*, 7 Va. App. at 373.

The Court has, for the reasons articulated in this opinion letter and on the record, denied each defendant's motion to exclude in-court and out-of-court identification testimony.