COURT OF APPEALS OF VIRGINIA

Present:   Judges Causey, Friedman and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

JASON SCOTT FORD

                                              MEMORANDUM OPINION* BY
v.        Record No. 0387-24-2                JUDGE DORIS HENDERSON CAUSEY
                                              FEBRUARY 18, 2025

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Claire G. Cardwell, Judge

          Paul C. Galanides for appellant.

          Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
          Attorney General, on brief), for appellee.


        A jury convicted Jason Scott Ford of malicious wounding.  On appeal, Ford argues that

the trial court abused its discretion by requiring him to wear a restraint during trial.  Finding no

error, we affirm the trial court's judgment.

                                      BACKGROUND

        A grand jury indicted Ford for aggravated malicious wounding.  During a pretrial

hearing, Ford "refused to come out of the lockup and began banging his feet on the walls."  Due

to security concerns related to his behavior, on the morning of trial sheriff's deputies restrained

Ford with waist chains and a shock vest while he was in a holding cell.  When deputies were not

looking, Ford removed the waist restraint and inserted bits of cardboard from a toilet paper roll

between the shock vest's probes and his skin.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

The trial court stated that Ford had previously injured a deputy sheriff while in the same courthouse to attend a hearing; during an earlier hearing, the trial court also noted on the record that Ford had needed to be pepper-sprayed because of his disruptive courtroom behavior.[1] Having learned that Ford had disabled the restraint that the deputies had employed, and considering Ford's history of disruptive behavior, the trial court ordered that Ford be restrained during the trial, with his hands attached to his waist. So long as he stayed seated, the jury would not see the restraints, and the trial court instructed Ford to avoid standing in the jury's presence to avoid any prejudice. During trial, the trial court ensured that Ford was seated before the jury reentered the courtroom after breaks.

The jury convicted Ford of malicious wounding. The trial court sentenced Ford to 20 years' incarceration with 10 years suspended. Ford appeals.

ANALYSIS

On appeal, Ford argues the trial court abused its discretion by requiring him to wear physical restraints during trial.

"[T]he conduct of a trial is committed to the trial judge's discretion, and absent evidence of an abuse of this discretion, we will not disturb [her] rulings on that subject." *Justus v. Commonwealth*, 222 Va. 667, 676 (1981). "The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (alteration in original) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would

_____

[1] The record is not clear if these incidents were from the same altercation.

- 2 -

have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "Only when reasonable jurists could not differ can [an appellate court] say an abuse of discretion has occurred." *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005).

"There is . . . no *per se* rule which prohibits the use of physical restraints of defendants in criminal trials." *Miller v. Commonwealth*, 7 Va. App. 367, 370 (1988). When the "defendant poses a risk of continued disorderly and disruptive behavior, his rights are relative to the competing interests of others present in the courtroom and of society at large." *Martin v. Commonwealth*, 11 Va. App. 397, 405 (1990). "A trial court may consider various factors in determining whether a defendant should be restrained, such as the seriousness of the charge, the defendant's temperament, age, and physical attributes, his criminal record, and any past escapes, escape attempts, or threatened misconduct." *Frye v. Commonwealth*, 231 Va. 370, 381-82 (1986). "This determination need not be made upon a formal hearing," *id.* at 382, but "a record must be made by the trial court which reflects the reasons for the choice of measures taken," *Martin*, 11 Va. App. at 406.

Trial courts must use "the least restrictive means or alternatives available to control a defendant, while protecting the public and court participants and maintaining the dignity of the proceedings." *Id.* at 409. The trial court found on the record that Ford had a history of disruptive behavior, including refusing commands, fighting with a deputy, and requiring bailiffs to deploy pepper spray to control him. On the morning of trial, Ford escaped his restraints and attempted to neutralize the trial court's means of controlling his behavior by removing his waist restraint and essentially disarming the shock vest. This record supports the trial court's decision

to use greater physical restraints to protect Ford, the jury, court security officers, and members of the public during trial.

The trial court took affirmative steps to ensure the jury was unaware of the restraints. Indeed, Ford concedes there is no record evidence that any juror noticed his restraints; he only notes the fact of his conviction. With no evidence of prejudice, Ford cannot establish that the trial court abused its discretion by requiring him to wear restraints.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*