## Richmond

TRACY L. SEEGARS, a/k/a
SHAKA AMIR FARRAKHAN

v.

COMMONWEALTH OF VIRGINIA

No. 2223-92-2

Decided July 5, 1994

COUNSEL

James P. Baber, for appellant.

Janet F. Rosser, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Tracy L. Seegars (appellant) was convicted in a jury trial of injuring a correctional officer while an inmate of a state penal institution in violation of Code § 18.2-55.[1] Appellant

---

[1] Appellant stood trial on three counts of injuring a correctional officer. The jury found him not guilty on counts two and three, which accused him of injuring officers D.C. Franklin and Robert Womack.

contends that the trial court erred by refusing to remove his leg shackles prior to trial and by refusing to instruct the jury on a lesser included misdemeanor offense of assault and battery. Because we conclude that the jury was not properly instructed as to a lesser included offense, we reverse the conviction and remand.

## BACKGROUND

On February 20, 1992, Sergeant John Baker and Officers D.R. Williams, Robert Womack, and D.C. Franklin, all employees of the Buckingham Correctional Center, attempted to move appellant, an inmate in the facility, from his cell to a different area of confinement within the prison. Appellant resisted, and a struggle ensued. During the struggle, appellant threw a large metal wall locker at Officer Williams. Officer Williams deflected the locker, and it fell against Sergeant Baker's knee, causing a laceration of several inches.

Appellant testified he did not intend to injure any of the officers. He stated that while he did "spin with the locker," turning it towards the officers, he did so only to distance himself from them.

At the beginning of trial, appellant asked the court to remove his leg shackles. The trial judge denied the motion, citing security reasons. At appellant's request, the trial judge then instructed the jury that it was the court's policy that appellant wear leg shackles, and that the jury should not permit the restraint to reflect adversely upon appellant. It was undisputed that appellant was an inmate at the Buckingham Correctional Center.

Appellant requested an instruction on assault and battery as a lesser included offense of injuring a correctional officer. The trial court refused the lesser included instruction. Appellant was convicted of injuring Sergeant John Baker and sentenced to five years imprisonment.

## INSTRUCTING THE JURY

On appeal, when we consider a trial court's refusal to give a proffered instruction, "the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to the defendant." *Boone v. Commonwealth*, 14 Va. App. 130, 131, 415 S.E.2d 250, 251

(1992). To sustain a conviction for a violation of Code § 18.2-55, the Commonwealth's evidence must prove: (1) that the accused was a prisoner confined in a state or local correctional facility or was in the custody of an employee thereof; (2) that the accused knowingly and willfully inflicted bodily injury on the victim; and (3) that the victim was an employee of the correctional facility, or any other person lawfully admitted to such facility except another prisoner, or any person supervising or working with prisoners, or any such employee or other person while such prisoner is committing any act in violation of Code § 53.1-203.

Appellant argues that he was entitled to an instruction on assault and battery because it is a lesser included offense of injuring a correctional officer. We agree. The following principle is well settled in Virginia:

> A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense. Thus, in order for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser offense. As an exception to the American rule barring merger of criminal offenses, a criminal defendant is entitled to jury instructions for all lesser included offenses supported by the evidence.

*Kauffmann v. Commonwealth*, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989) (citations omitted); *see also Jones v. Commonwealth*, 218 Va. 757, 759, 240 S.E.2d 658, 660, *cert. denied*, 439 U.S. 892 (1978).

The specific intent to "knowingly and willfully inflict bodily injury" is an essential element of proof of a violation of Code § 18.2-55(A). Appellant argues that he did not intend to cause bodily injury to the officers and, therefore, the jury should have been instructed on the lesser included offense of assault and battery. To sustain a conviction for assault, the evidence need only prove "an attempt or offer, with force and violence, to do some bodily hurt to another." *Harper v. Commonwealth*, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955). When the injury is actually inflicted, a battery has been committed regardless of how small the injury might be. " 'Battery is the *actual infliction of corporal hurt* on another (e.g., the *least touching* of another's person), *willfully or in anger*, whether by the party's own hand, or by some means

set in motion by him.' " *Jones v. Commonwealth*, 184 Va. 679, 682, 36 S.E.2d 571, 572 (1946). Accordingly, appellant could have been convicted of battery if the jury accepted his testimony that he did not intend to cause "bodily injury" upon the officers as prescribed by Code § 18.2-55.[2]

In *Boone*, we reversed a conviction because the trial court failed to instruct the jury that the defendant could be convicted of the lesser offense of assault and battery, if the Commonwealth did not prove the requisite intent of the charged offense of malicious wounding. *Boone*, 14 Va. App. at 132, 415 S.E.2d at 251. We explained that the jury should have been given the opportunity to assess the evidence as it related to the lesser included offense of assault and battery, and should not have been forced into making the impermissible choice of finding the defendant guilty of the offense charged or not guilty of any offense. *Id.* at 133, 415 S.E.2d at 252; *see also Martin*, 13 Va. App. at 529, 414 S.E.2d at 403-04.

■ Here, the evidence clearly established that appellant was an inmate and the victim was a correctional officer. The only element of the offense that was in dispute was appellant's intent during the altercation. If any credible evidence in the record supports a proffered instruction on a lesser included offense, failure to give the instruction is reversible error. *Boone*, 14 Va. App. at 132, 415 S.E.2d at 251; *see also McClung v. Commonwealth*, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975). Further, " '[i]t is immaterial that the jury might have rejected the lesser-included offense.' " *Boone*, 14 Va. App. at 134, 415 S.E.2d at 252 (quoting *Barrett v. Commonwealth*, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986)). In this case, evidence was before the jury that, if believed, supported an instruction on the lesser included misdemeanor offense of assault and battery. Therefore, the jury should have been instructed that if they found that appellant lacked the intent to knowingly and willfully cause bodily injury, he could be found guilty of the lesser included misdemeanor offense of assault and battery.

---

[2] Model Jury Instruction No. 38.300 defines an assault and battery as: "An assault and battery is any bodily hurt, however slight, done to another in an angry, rude or vengeful manner." *Virginia Model Jury Instructions - Criminal* II-77 (1993).

## PHYSICAL RESTRAINT OF DEFENDANT DURING TRIAL

Appellant argues that the trial court erred by refusing to remove his leg shackles prior to his jury trial. Because this issue is likely to arise again on remand, we address appellant's argument.

█ It is generally improper to try an accused while shackled or to present him before the jury shackled except after a determination that such measures are necessary for security reasons. *Gray v. Commonwealth*, 233 Va. 313, 343-44, 356 S.E.2d 157, 174, *cert. denied*, 484 U.S. 873 (1987). The factual findings required to support the use of restraints are sparse in this case. The trial judge denied appellant's request to remove the shackles, citing "security reasons" as the basis for his ruling. We hold that a trial court's general policy of keeping a defendant shackled in the presence of the jury without an evaluation of the appropriate factors applicable to the defendant and the case at bar is error.

█ We do not suggest that a defendant may never be presented shackled before the jury. Indeed, "[t]he law is well settled in Virginia that, where security requires and proper instructions are given, a criminal defendant may be restrained in the courtroom in the presence of the jury." *Colclasure v. Commonwealth*, 10 Va. App. 200, 203, 390 S.E.2d 790, 791 (1990). However, there must be some showing on the record that such measures are necessary. The record in this case is insufficient.

For the reasons set forth above, we reverse appellant's conviction, and remand this case to the trial court for further proceedings consistent with this opinion, if the Commonwealth be so advised.

*Reversed and remanded.*

Moon, C.J., and Hodges, S.J., concurred.