COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


EDWARD BLACKWELL KELLY

MEMORANDUM OPINION[*] BY
v.    Record No. 0495-96-4          CHIEF JUDGE NORMAN K. MOON
                                    FEBRUARY 4, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Herman A. Whisenant, Jr., Judge

Jerry M. Phillips (Phillips, Beckwith & Hall,
on brief), for appellant.

Richard B. Smith, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Edward Blackwell Kelly appeals his conviction of assaulting a correctional officer in violation of Code § 18.2-55. Kelly argues that the trial court erred in refusing to instruct the jury on the lesser included offense of assault and battery. Finding evidence to support the granting of the lesser included offense instruction, we reverse.

On June 4, 1995, Kelly was an inmate at the Adult Detention Center for Prince William County. During the serving of meals, Officer Santiago went to Kelly's cell to collect his food tray. Kelly's tray was not in the food slot of the cell and when Santiago asked for the tray, Kelly told him "[i]f you want my tray, you come in and get my tray." Santiago summoned Officer

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Mora and remained outside of the cell while Mora entered to retrieve the tray.

Once inside, Mora asked for the tray and Kelly responded by throwing the tray at Mora, covering him with food. Kelly then stood up on his cell bed and, when Mora asked him to get down, Mora testified that Kelly leapt onto Mora, tearing his shirt and scratching his face. Mora freed himself from Kelly and fled the cell. Kelly testified that he did not intentionally leap on Mora, and stated that he slipped on the blanket on his cell bed and fell accidentally, striking Mora and inadvertently scratching his face. Kelly testified that it was not his intention to harm Mora.

The trial court instructed the jury that they should find Kelly violated Code § 18.2-55 if they found the evidence proved beyond a reasonable doubt that "[Kelly] knowingly and willfully caused bodily injury to an employee of the Prince William County Adult Detention Center." Kelly argued that the court erred by not instructing the jurors on the lesser included offence of assault and battery. "An assault is any attempt or offer, with force or violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution." 2A Michie's Jur., Assault and Battery § 2 (1992); see Johnson v. Commonwealth, 13 Va. App. 515, 517, 412 S.E.2d 731, 732 (1992). "Battery is the actual infliction of corporal hurt on another . . . willfully or in anger . . . ." Jones v. Commonwealth, 184 Va. 679, 681-82, 36

- 2 -

S.E.2d 571, 572 (1946).  Battery may be accomplished by any touching in any angry, rude, or vengeful manner, although no significant injury is inflicted.  Seegars v. Commonwealth, 18 Va. App. 641, 644, 445 S.E.2d 720, 722 (1994).

We find the trial court erred in refusing to give the instruction.  "On appeal, when we consider a trial court's refusal to give a proffered instruction, `the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to the defendant.'"  Id. at 643, 445 S.E.2d at 722 (quoting Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992)).

The facts of this case are indistinguishable from those of Seegars v. Commonwealth, 18 Va. App. 641, 445 S.E.2d 720 (1994), where this Court held that the trial court erred in refusing an assault and battery instruction in a case also involving a charge of violation of Code § 18.2-55.  In Seegars the defendant argued that although he had purposely pushed a locker at a group of correctional officers, his intent was to distance himself from them, not to injure them.  18 Va. at 643, 445 S.E.2d at 722. Like Seegars, here the jury could have found that while Kelly might not have had the specific intent to "knowingly and willfully inflict bodily injury," he was nonetheless guilty of the lesser included offense of misdemeanor assault and battery.

The jury should have been provided the opportunity to "assess the evidence as it related to the lesser included offense of assault and battery, and should not have been forced into

- 3 -

making the impermissible choice of finding the defendant guilty of the offense charged or not guilty of any offense." Id. at 645, 445 S.E.2d at 722-23.

Reversed and remanded.