COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


DAVID ALLEN TAYLOR, S/K/A
 DAVID ALAN TAYLOR

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0665-96-3      JUDGE LARRY G. ELDER
                                        APRIL 22, 1997
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF BUENA VISTA
                    Thomas H. Wood, Judge


            Ross S. Haine, Assistant Public Defender
            (Haine & Murtagh, on brief), for appellant.

            Thomas D. Bagwell, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            Leah A. Darron, Assistant Attorney General,
            on brief), for appellee.



    David Allen Taylor (appellant) appeals his conviction of

assault.  He contends (1) that the trial court abused its

discretion when it admitted evidence of his conduct that occurred

nearly two weeks after the date of the charged offense and (2)

that the evidence was insufficient to support his conviction.

For the reasons that follow, we reverse.


---

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

FACTS

Appellant was charged with assaulting Officer A. J. Panebianco of the Buena Vista Police on December 8.[1] At trial, the evidence established that appellant approached Officer Hollins on December 8 and asked that Officer Panebianco give him a ride home. Appellant was extremely intoxicated, and Officer Hollins took him to a holding cell at the Buena Vista Police Department. While in the holding cell, appellant saw Officer Panebianco walk by and told him that he was going to break a window at a tatoo parlor owned by Officer Panebianco and that he was going to kill the officer. Appellant told Officer Panebianco that he "would not live to see a new year." The record does not indicate that appellant made any physical movements at the time he spoke to Officer Panebianco.

The evidence also established that appellant was arrested on December 21 after "kicking out" a window at Officer Panebianco's business. Officer Daniel Coleman testified that after appellant was brought to the police department, appellant looked at a picture of Officer Panebianco on the wall and threatened to kill him. Officer Coleman testified that appellant also said that he "had something" for Officer Panebianco and then removed a shotgun shell from his pocket that had Officer Panebianco's name

---

[1] Appellant was also charged with and convicted of three other offenses that are not the subject of this appeal.

-2-

displayed on it. Officer Panebianco was not present when these events occurred.

Appellant's counsel objected to the admission of Officer Coleman's testimony on the grounds that it was irrelevant to proving that appellant assaulted Officer Panebianco on December 8 and that its admission prejudiced appellant. The trial court overruled appellant's objection. Appellant's subsequent motion for a mistrial was also denied. Appellant did not make a motion to strike. The trial court convicted appellant of assault.

## II.

### ADMISSIBILITY OF OFFICER COLEMAN'S TESTIMONY

Appellant contends that the trial court erred when it admitted Officer Coleman's testimony regarding appellant's conduct on December 21. He argues that this evidence was not relevant to the charge that he assaulted Officer Panebianco on December 8 and that, even if relevant, its prejudicial effect outweighed its probative value. We disagree.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Generally, evidence of other bad acts committed by a criminal defendant is not admissible to prove that he or she committed the charged offense. Lafon v. Commonwealth, 17 Va. App. 411, 417, 438 S.E.2d 279, 283 (1993) (citing Kirkpatrick v. Commonwealth,

211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)).  However, "other bad acts" evidence is admissible if relevant to some element or issue in the present case, such as the defendant's intent, and its probative value outweighs its prejudicial effect.  Id. at 417-18, 438 S.E.2d at 283-84; see also Charles E. Friend, The Law of Evidence in Virginia § 12-14(a) (4th ed. 1993).

We hold that the trial court did not abuse its discretion when it admitted Officer Coleman's testimony regarding appellant's conduct on December 21.  The trial court correctly concluded that the evidence of appellant's conduct on this date was relevant to the issue of his intent on December 8.  "Evidence is relevant if it has any logical tendency to prove an issue in a case."  Goins v. Commonwealth, 251 Va. 442, 461, 470 S.E.2d 114, 127, cert. denied, ___ U.S. ___, 117 S. Ct. 222, 136 L.Ed.2d 154 (1996).  The intent of the accused to cause bodily harm is always an issue in a prosecution for assault.  See Boone v. Commonwealth, 14 Va. App. 130, 133, 415 S.E.2d 250, 251 (1992).  The evidence of appellant's actions on December 21 -- his renewed threat to kill Officer Panebianco and his display of a shotgun shell with the officer's name on it -- had the requisite tendency to prove that appellant intended to cause bodily harm to the officer on December 8.  In addition, we find no clear abuse of discretion in the trial court's determination that the probative value of Officer Coleman's testimony outweighed its prejudicial effect.  See Wise v. Commonwealth, 6 Va. App. 178, 188, 367

S.E.2d 197, 203 (1988) (stating that trial court's balancing of the probative value and prejudicial effect of evidence will not be disturbed on appeal absent a clear abuse of discretion).

## III.

### SUFFICIENCY OF THE EVIDENCE

Appellant argues for the first time on appeal that the evidence was insufficient to support his conviction of assaulting Officer Panebianco on December 8.

> It is well established that
> a ruling of a trial court cannot be a basis
> for reversal unless an objection is stated
> "together with the grounds therefor at the
> time of the ruling, except for good cause
> shown or to enable the Court of Appeals to
> attain the ends of justice."

Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (quoting Rule 5A:18). In order to determine whether to invoke the ends of justice exception, "we must evaluate the nature and effect of the error to determine whether a clear miscarriage of justice occurred." Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989). When a criminal defendant has not challenged the sufficiency of the evidence before the trial court, this Court may consider this issue under the ends of justice exception "only when the record affirmatively shows that a criminal defendant 'has been convicted of a crime of which under the evidence he could not properly be found guilty.'" Campbell v. Commonwealth, 14 Va. App. 988, 997, 421 S.E.2d 652,

657 (1992) (Barrow, J., concurring) (citation omitted). After reviewing the record, we invoke the "ends of justice" exception and consider the merits of appellant's argument regarding the sufficiency of the evidence.

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom." Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). "The judgment of a trial court sitting without a jury . . . will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

In a prosecution for assault, the Commonwealth is required to prove that the defendant committed "[a]n overt act or an attempt, or the unequivocal appearance of an attempt, with force or violence, to do physical injury to the person of another." Merritt v. Commonwealth, 164 Va. 653, 658, 180 S.E. 395, 397 (1935). A victim need not be physically touched to be assaulted. See Seegars v. Commonwealth, 18 Va. App. 641, 645, 445 S.E.2d 720, 722 (1994); Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955) (stating that an assault occurs "though [the victim] be not struck . . . ."). However, a purely verbal threat with no appearance of an overt physical act does not

constitute an assault.  See Harper, 196 Va. at 733, 85 S.E.2d at 255 (stating that "no words whatever, be they ever so provoking, can amount to an assault . . . ." (citation omitted)).

We hold that the evidence was insufficient to support appellant's conviction of assault.  The summary of the evidence in the written statement of facts, which appears to contain a complete account of defendant's actions on December 8, does not establish that appellant either attempted or appeared to attempt to cause physical injury to Officer Panebianco.  The written statement of facts only indicates that appellant "stated" to Officer Panebianco from his jail cell that he was going to kill him before the new year.  The only evidence in the record of any overt physical acts by appellant was the evidence that appellant damaged a window at Officer Panebianco's tatoo parlor on December 21.  Although the trial court found this evidence "persuasive" to prove the charge that appellant assaulted Officer Panebianco, this evidence does not establish that appellant made any physical movements while Officer Panebianco was in his presence on December 8.  Because the evidence only proved that appellant verbally threatened Officer Panebianco on December 8, appellant could not properly be found guilty of assault.

For the foregoing reasons, we reverse the conviction of assault.

Reversed and dismissed.