COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


HILBERT CHRISTOPHER WATFORD

                              MEMORANDUM OPINION[*] BY

v.    Record No. 2724-99-1       JUDGE JAMES W. BENTON, JR.

                                 JANUARY 30, 2001

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Joseph R. Winston (S. Jane Chittom, Appellate
Counsel; Public Defender Commission, on
brief), for appellant.

Steven A. Witmer, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


The trial judge convicted Hilbert Christopher Watford of one
count of driving after having been adjudicated an habitual
offender, see Code § 46.2-357, and two counts of assault and
battery of a police officer, see Code § 18.2-57(C). Watford
contends the trial judge erred by refusing to suppress evidence
obtained during an investigative detention and by finding the
evidence sufficient to support each assault and battery
conviction. We affirm the convictions.

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

At trial, Officer Ben Jones testified that on October 7, 1997, Watford drove a car past his police vehicle.  Jones recognized Watford because he had arrested Watford within the previous month and a half and had learned, while preparing the arrest warrant, that Watford was an habitual offender who could not drive a car legally.  Jones followed Watford's car and activated his emergency lights.  Jones testified that he did not verify Watford's habitual offender status before pursuing him and relied solely on his knowledge of Watford's status.

Watford stopped and exited his car.  When Officer Michael Hayes exited the police vehicle and approached Watford, Watford attempted to flee.  Hayes grabbed Watford's shirt.  Hayes testified that a struggle ensued and that Watford's "arms were kind of flailing."  Struggling to escape, Watford struck Hayes in the arm with "very long fingernails" so that "a good chunk of skin was taken out of [Hayes'] arm."  Watford came out of his shirt and freed himself from Hayes' grasp.  Watford then ran past Jones, pushed Jones in the chest, and briefly eluded the officers before they captured him.  The evidence proved Watford's status as an habitual offender.

At the conclusion of the Commonwealth's evidence, Watford's counsel made a motion "to strike and dismiss" and argued that the officer had no reasonable basis to stop Watford.  Rejecting that argument, the trial judge ruled that the officer had a reasonable

basis to make the stop and that the Commonwealth's evidence was sufficient to survive the motion to strike. When Watford did not offer evidence, the judge convicted him of driving after having been adjudicated an habitual offender and of the two assault and battery offenses.

## II.

Challenging his conviction of driving while a declared habitual offender, Watford argues that the evidence proved the officers lacked a reasonable suspicion to stop his vehicle. Thus, he contends "the information flowing from that unlawful stop should have been suppressed."

"There is a general procedural requirement . . . that if a defendant wishes to preserve his right to challenge on appeal the constitutionality of a . . . seizure through which certain evidence has been obtained, he must take timely steps in the lower court, either through a motion to suppress the evidence before trial or by sufficient objection to the use of the evidence when offered at trial." Manley v. Commonwealth, 211 Va. 146, 149, 176 S.E.2d 309, 312 (1970). In pertinent part, Code § 19.2-266.2 provides as follows:

> Defense motions or objections seeking (i) suppression of evidence on the grounds such evidence was obtained in violation of the provisions of the Fourth, Fifth or Sixth Amendments to the Constitution of the United States or Article I, Section 8, 10 or 11 of the Constitution of Virginia proscribing illegal searches and seizures and protecting rights against self-incrimination, or (ii)

-

> dismissal of a warrant, information, or
> indictment or any count or charge thereof on
> the ground that a statute upon which it was
> based is unconstitutional shall be raised by
> motion or objection, in writing, before
> trial.  The motions or objections shall be
> filed and notice given to opposing counsel
> not later than seven days before trial.  A
> hearing on all such motions or objections
> shall be held not later than three days
> prior to trial, unless such period is waived
> by the accused, as set by the trial judge.
> The court may, however, for good cause shown
> and in the interest of justice, permit the
> motions or objections to be raised at a
> later time.

The record does not contain a written motion to suppress the evidence or an objection during the officer's testimony concerning the detention of Watford.  Instead, at the conclusion of the Commonwealth's case-in-chief, Watford's trial counsel made a motion to strike the evidence, which is the traditional way of challenging the sufficiency of the evidence.  See Gabbard v. Knight, 202 Va. 40, 43, 116 S.E.2d 73, 75 (1960).  Assuming without deciding that, "for good cause shown and in the interest of justice," the trial judge considered the motion to strike to be a motion to suppress the evidence, and not just a challenge to the sufficiency of the evidence, we hold that the trial judge did not err in ruling that the officers lawfully stopped Watford's car.

The Fourth Amendment requires police officers to have "a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot'" before subjecting a person to

-

a brief investigatory stop. United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). More specifically, prior to conducting an investigatory stop of a motorist, a police officer must have an articulable and reasonable suspicion that the motorist is unlicensed or that an occupant of the vehicle is otherwise subject to seizure for a violation of the law. Brown v. Commonwealth, 17 Va. App. 694, 697-98, 440 S.E.2d 619, 621 (1994).

Questions of reasonable suspicion involve issues of both fact and law that we review de novo. McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc). The dispositive facts are not disputed. The record established that Jones recognized Watford and knew from a recent encounter that Watford was an habitual offender whose driving a motor vehicle would violate Code § 46.2-357. Jones articulated this specific reason for detaining Watford.

The elapse of time between Jones' first encounter with Watford and this encounter does not negate the reasonableness of the suspicion. In Glasco v. Commonwealth, 26 Va. App. 763, 497 S.E.2d 150 (1998), we analyzed the legality of a police officer's stop of a motorist whom he had "arrested two weeks earlier for law violations that often resulted in license suspension." Id. at 771, 497 S.E.2d at 154. Although the officer did not know that a judge had suspended the motorist's license, the officer detained the motorist and then contacted

-

the Department of Motor Vehicles to confirm his suspicions.  Id. at 768, 497 S.E.2d at 152.  We held that "[a]lthough [the officer's] suspicion regarding the probable outcome of proceedings against people who fail to pay fines was not conclusive evidence that [the motorist] was driving without a license, it nevertheless gave [the officer] reasonable suspicion to detain and question [the motorist] briefly."  Id. at 771, 497 S.E.2d at 154.

The officer in this case had a more reasonable suspicion to stop Watford than did the officer in Glasco.  Jones knew that six weeks earlier Watford was an habitual offender, a person whose status would remain unchanged for ten years or until terminated by a court.  See Code § 46.2-356.  Thus, we hold that given the brief lapse of time since Watford's prior arrest, Jones had reasonable suspicion to detain Watford.

## III.

Watford contends that the prosecution produced insufficient evidence to convict him of both counts of assault and battery. We disagree.

> Assault and battery . . . requires proof of "an overt act or an attempt . . . with force and violence, to do physical injury to the person of another," "whether from malice or from wantonness," together with "the actual infliction of corporal hurt on another . . . willfully or in anger."  One cannot be convicted of assault and battery "without an intention to do bodily harm - either an actual intention or an intention imputed by law."

-

Boone v. Commonwealth, 14 Va. App. 130, 132-33, 414 S.E.2d 250, 251 (1992) (citations omitted).

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom." Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). So viewed, the evidence proved that Watford scratched Hayes while "flailing" at him and attempting to elude his grasp. Watford contends that this evidence fails to prove that he had the requisite intent to commit assault and battery. The requisite intent, however, is malice or wantonness. "Malice is evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed any purposeful and cruel act without any or without great provocation." Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992). Wantonness imports premeditation or knowledge and consciousness that injury is likely to result from the commission of the act. Boward v. Leftwich, 197 Va. 227, 231, 89 S.E.2d 32, 35 (1955).

Watford deliberately and purposefully fought to escape arrest. Upon the testimony that Watford consciously flailed his arms to effect an escape, the trier of fact could have concluded beyond a reasonable doubt that Watford's actions were purposeful and cruel or committed knowing that an injury would likely

-

occur. The trial judge was free to conclude that Watford's strike was not an accidental bump, but was instead an intentional act to harm Hayes and increase the likelihood of escape.

Watford also contends that Jones did not suffer the requisite injury. We disagree. Using a "stiff arm," Watford hit Jones in the chest with his hand and shoved Jones into a wall. This act of violence caused corporal hurt by a touching of Jones' person. There is no requirement that the act cause permanent injury. "When an injury is actually inflicted, a battery has been committed regardless of how small the injury might be." Seegars v. Commonwealth, 18 Va. App. 641, 644, 445 S.E.2d 720, 722 (1994). Watford committed an intentional, violent hit upon Jones. Therefore, the trial judge was justified in finding that Watford committed the offense of assault and battery upon Jones.

For the reasons stated, we affirm the convictions.

Affirmed.

-