COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Senior Judge Overton
Argued at Richmond, Virginia


JOANN MARIE CREWS WALKER
                                                 MEMORANDUM OPINION[*] BY
v.        Record No. 1686-03-2                  JUDGE NELSON T. OVERTON
                                                       JUNE 15, 2004
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                            Leslie M. Osborn, Judge

            Charles H. Crowder, III (Harris, Matthews & Crowder, P.C., on
            briefs), for appellant.

            Robert H. Anderson, III, Senior Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on brief), for appellee.


        Joann Marie Crews Walker, appellant, appeals her conviction for the possession of a firearm

by a convicted felon in violation of Code § 18.2-308.2.  On appeal, she contends the trial court erred

by:  (1) giving two jury instructions addressing self-defense; (2) refusing to give her proffered jury

instruction addressing assault within her home; and (3) denying her motion to set aside the verdict

as being contrary to the law and evidence presented.  Finding no error, we affirm appellant's

conviction.

                                    BACKGROUND

        Kevin Crews, appellant's adult son, testified that he was angry with appellant.  He went

to appellant's residence and argued with her.  Crews denied that he forced his way into the

house, but he admitted he had consumed alcohol before going to appellant's house and that he

raised his voice and cursed at appellant during the incident.  He also testified that he had no

------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

weapons on his person, and he did not recall touching appellant or threatening to kill her during the argument.

Crews stated that appellant asked him to leave several times, but he would not leave. Crews testified that appellant obtained a rifle and "had [the] gun in [his] face," pointing the gun at him. Crews then took the gun from appellant and left her residence.

April Crews, appellant's daughter who lived in appellant's residence, testified she heard Crews arguing with her mother. She then heard her mother ask Crews to leave, and she saw appellant and Crews "scuffling" in the front entrance of the house. April retrieved a gun that belonged to her brother, and she walked toward the front of the house. April testified that appellant "jerked the gun out of [her] hands" and went to the front door where Crews was standing. April heard appellant tell Crews to leave, then Crews took the gun from appellant and left.

Appellant testified that Crews "bang[ed]" on her door and yelled and cursed at her through the screen door. Appellant asked Crews to leave several times, but he refused to do so. Appellant stated that she tried to close the door, but Crews blocked the door with his foot. Appellant's daughter then came to the door, carrying a gun, which appellant took from her daughter. Appellant testified that Crews asked her if she was going to shoot him and she replied, "I'm not going to shoot you . . . I just want you to leave." Appellant stated that Crews held both of her arms and was "jerking [her] back and forth." She also stated that Crews "pushed [her] against the wall" and she was afraid for herself and her children who were present at her home at the time of the incident.

Appellant denied that she pointed the gun at Crews, but she admitted that when she possessed the gun, she asked Crews to leave. Appellant also testified she was afraid that Crews

"was going to hurt [her]." However, appellant stated that, in previous arguments she had had with Crews, he had "not hurt" her, but he had cursed at her, pushed her, and held her down.

Appellant testified on cross-examination that she hoped Crews would be afraid when she held the gun, but that she was not trying to scare him. She stated that she just wanted him to leave her house and that she held the gun "down towards the floor."

Deputy Yancey testified that appellant told him she wanted Crews to leave her house and "she took the weapon and swung it around at him to get him to leave." Appellant did not tell Yancey that Crews grabbed her or made any physical contact with her during the argument.

ANALYSIS

Jury Instructions

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted).

Appellant contends the trial court erred in giving Jury Instructions 9 and 10, which were proffered by the Commonwealth. She did not object to the instructions themselves but objected to the inclusion of the word "serious" in the instructions.

Jury Instruction 9 provided: "A person who reasonably believes that another intends to attack her for the purpose of killing her or doing her imminent serious bodily harm, has a right to arm herself for her own necessary self-protection." Jury Instruction 10 provided:

> If you believe from the evidence that the defendant was without
> fault in provoking or bringing on the difficulty, and that the
> defendant reasonably feared, under the circumstances as they
> appeared to her, that she was in danger of imminent serious bodily
> harm, then the defendant had the right to arm herself and brandish
> the firearm to protect herself from the imminent serious bodily

- 3 -

harm. If you further believe that the defendant's actions were no more than were reasonably necessary to protect herself from the threatened harm, then you shall find the defendant not guilty.

In Humphrey v. Commonwealth, 37 Va. App. 36, 47, 553 S.E.2d 546, 552 (2001), this Court held that the defense of necessity or self-defense may be asserted to a charge of possession of a firearm by a convicted felon. The Court found that the evidence in Humphrey supported a necessity instruction

because it established that appellant was without fault in provoking the altercation, that he reasonably feared he was in imminent danger of being killed or *seriously* injured at the time he took possession of the weapon . . ., that he lacked other adequate means to avoid the threatened harm, and that he disposed of the weapon immediately after the danger had passed.

Id. at 50-51, 553 S.E.2d at 553 (emphasis added).

Similarly, in McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978), the Supreme Court stated that the test of self-defense is whether the accused "reasonably fear[ed] death or *serious* bodily harm to himself at the hands of his victim." (Emphasis added.) See also Smith v. Commonwealth, 17 Va. App. 68, 72-73, 435 S.E.2d 414, 417 (1993) (finding excusable homicide in self-defense requires "an overt act indicating the victim's imminent intention to kill or *seriously* harm the accused" (emphasis added)). Thus, the language of Jury Instructions 9 and 10 comports with Virginia law and the trial court did not err in giving the instructions.[1]

---

[1] Even assuming the trial court erred by giving Jury Instructions 9 and 10, the errors were harmless. In the context of reviewing the improper instruction of juries, harmless error analysis is appropriate. See Kil v. Commonwealth, 12 Va. App. 802, 812, 407 S.E.2d 674, 679-80 (1991). "[N]on-constitutional error is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*) (citation omitted). Appellant did not testify that she possessed the gun for self-defense, and no other evidence supported self-defense jury instructions. Based upon our examination of the record and evidence presented in the case, we are satisfied that any errors

Appellant also contends the trial court erred by refusing to give her proffered Jury Instruction X-1, which stated: "If you believe that the action taken by [appellant] occurred in her home and; that [appellant] was assaulted in her home; and that the action taken by [appellant] was necessary to repel the assailant from her home, then you shall find [appellant] not guilty."

"[W]hen we consider a trial court's refusal to give a proffered instruction, 'the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to the defendant.'" Seegars v. Commonwealth, 18 Va. App. 641, 643, 445 S.E.2d 720, 722 (1994) (citations omitted).

The evidence showed that Crews refused to leave appellant's residence despite appellant's repeated demands that he do so. Although the evidence showed that appellant obtained a rifle during the incident, appellant testified she did not point the gun at Crews or "use" the gun in order to get Crews out of her house. On cross-examination of appellant, the following exchange occurred:

> [PROSECUTOR]: And you just used the gun in self-defense?
>
> [APPELLANT]: I didn't use the gun. I wasn't trying to do anything to him. I didn't have the gun at first.
>
> [PROSECUTOR]: [Y]ou had the gun in your hands because he had done all of these things to you?
>
> [APPELLANT]: No.
>
>       *      *      *      *      *      *      *
>
> [PROSECUTOR]: Why did you have the gun?
>
> [APPELLANT]: I took the gun away from my daughter, that's why I had the gun.

---

committed by the trial court in giving the jury instructions did not affect the verdict or otherwise deprive appellant of a fair trial on the merits.

[PROSECUTOR]: You didn't use the gun to chase him out of the house?

[APPELLANT]: No. If I was going to use the gun to chase him out of the house, I would have aimed it at him and tried to shoot him with it. I did not do neither one.

Thus, appellant's own evidence disproves that her possession of the rifle was necessary to repel Crews from her home.

Moreover, "[a] person who reasonably apprehends [imminent] bodily harm by another is privileged to exercise reasonable force to repel the assault." Diffendal v. Commonwealth, 8 Va. App. 417, 421, 382 S.E.2d 24, 25 (1989). A person "'"may use such means as are absolutely necessary to repel the assailant from his [or her] house . . . even to the taking of life."'" Gilbert v. Commonwealth, 28 Va. App. 466, 473, 506 S.E.2d 543, 546 (1998) (quoting Fortune v. Commonwealth, 133 Va. 669, 687, 112 S.E. 861, 867 (1922)). In addition, we acknowledge the "'fundamental doctrine that a person who has been threatened with death or serious bodily harm and has reasonable grounds to believe that such threats will be carried into execution, has the right to arm himself [or herself] in order to combat such an emergency.'" Id. at 473-74, 506 S.E.2d at 546 (citation omitted).

Therefore, even if appellant had used the gun to protect herself from Crews, no evidence supported the conclusion that Crews threatened appellant with death or serious bodily harm. The evidence viewed in the light most favorable to appellant showed that, at most, the unarmed Crews merely pushed or "jerked" appellant during an argument. Appellant's response to obtain a deadly weapon exceeded the use of reasonable force to repel the assault. Accordingly, the trial court did not err in refusing to give the proffered jury instruction.

- 6 -

<u>Sufficiency of the Evidence</u>

Appellant argues the evidence was insufficient to prove she possessed a firearm in violation of Code § 18.2-308.2.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" <u>Archer v. Commonwealth</u>, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony . . . requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm." <u>Hancock v. Commonwealth</u>, 21 Va. App. 466, 468, 465 S.E.2d 138, 140 (1995). "Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt." <u>Smith v. Commonwealth</u>, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993). "The trier of fact determines the weight of evidence in support of a claim of self-defense." <u>Gardner v. Commonwealth</u>, 3 Va. App. 418, 426, 350 S.E.2d 229, 233 (1986).

The evidence proved that appellant, a convicted felon, possessed a rifle during the incident. Crews testified that appellant pointed the gun at him and told him to leave her residence. Appellant testified that she only possessed the gun because she took it away from her daughter and that she did not "use" the gun. The jury was instructed on self-defense, it assessed the credibility of the witnesses, and it did not accept the self-defense theory. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). From the evidence presented, the jury could conclude beyond a reasonable doubt that appellant knowingly and intentionally possessed the firearm in violation of Code § 18.2-308.2.

Accordingly, we affirm appellant's conviction.

Affirmed.