COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Alston, Chafin and Decker
Argued at Norfolk, Virginia


KARLIN MICHAEL JONES

                                         MEMORANDUM OPINION[*] BY
v.       Record No. 1079-16-1           JUDGE TERESA M. CHAFIN
                                              MAY 23, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

Kristin L. Paulding (7 Cities Law, on briefs), for appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


At the conclusion of a bench trial held in the Circuit Court of the City of Virginia Beach,

Karlin Michael Jones was convicted of assault and battery of a law enforcement officer in

violation of Code § 18.2-57(C).[1] On appeal, Jones challenges the sufficiency of the evidence

supporting his conviction. Specifically, he contends that the evidence presented by the

Commonwealth failed to establish that he intended to harm the police officer he encountered on

December 12, 2015.[2] For the reasons that follow, we conclude that the evidence presented at

trial was sufficient to support Jones's conviction and affirm the circuit court's decision.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jones was also convicted of possession of marijuana in violation of Code § 18.2-250.1,
and providing a false identity to a law enforcement officer in violation of Code § 19.2-82.1.
Jones pled guilty to those offenses, and he does not challenge these convictions on appeal.

[2] On appeal, the Commonwealth contends that Jones did not preserve this argument for
appellate review. We disagree. Jones argued that the evidence presented failed to establish that
he intended to harm the law enforcement officer in the motion to strike he made at the
conclusion of the Commonwealth's evidence, and in the renewed motion to strike he made at the

I.  BACKGROUND

"In accordance with established principles of appellate review, we state the facts in the light most favorable to the Commonwealth, the prevailing party in the trial court[, and] accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004).  "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)).  So viewed, the evidence of the present case is as follows.

Officer Kevin Foxwell of the Virginia Beach Police Department was on routine patrol on the evening of December 12, 2015.  Around 10:30 p.m., he saw Jones and a woman sitting in a car parked in front of an apartment building.  The woman was sitting in the driver's seat of the car, and Jones was sitting in the passenger seat.  Foxwell approached the car on foot wearing his badge and standard police uniform.

As Foxwell approached the passenger side of the car, he saw Jones pass an object that looked like a marijuana "blunt" to the woman.  He then saw the woman lick and roll the "blunt." Foxwell knocked on the passenger side window of the car to make contact with its occupants, and Jones opened the door of the car.  Jones only partially opened the door, however, because another car was parked in the adjacent parking space.

conclusion of his own evidence.  Jones also incorporated the arguments raised in his renewed motion to strike into his closing argument.  Under these circumstances, we conclude that Jones adequately preserved the argument he presents on appeal, and we address that argument on its merits.  See, e.g., Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) ("Counsel may meet the mandates of Rule 5A:18 . . . [by making] clear the ground for his objection in a motion to strike the evidence or in closing argument.").

Foxwell asked Jones a question about the object resembling the marijuana "blunt" through the open door of the car as Jones remained seated in the vehicle. At the time, Foxwell was behind the door standing next to Jones. Foxwell noticed that Jones seemed nervous. When Foxwell asked Jones for his identification, Jones told him that his identification was in the trunk of the car and moved his legs out of the vehicle. Anticipating that Jones was attempting to flee, Foxwell told Jones to stop moving.[3]

Jones did not comply with Foxwell's request. Instead, he quickly stood up and "bum-rushed" Foxwell. Foxwell explained that Jones "lowered his shoulder [and] head" and attempted to push him out of the way so that he could get around the open door of the car. After Jones pushed Foxwell, a brief struggle ensued between the two men. Foxwell grabbed Jones.[4] Jones then pushed Foxwell again, escaped from his grip, and ran toward the apartment building. Notably, Jones did not punch or kick Foxwell during the altercation. Although Foxwell did not fall to the ground or lose his balance during the incident, he bumped into an unidentified object after he was pushed by Jones.

Foxwell chased Jones for a short distance on foot, but he eventually stopped pursuing him and called for back-up. Ultimately, Jones surrendered to the police who arrived at the apartment building in response to Foxwell's call for assistance. Although Jones provided the police with false identification after he was taken into custody, he was otherwise respectful and compliant.

---

[3] The record in this case does not affirmatively establish the exact wording of Foxwell's request. Foxwell testified that he told Jones to "basically relax, you know," and "stay still." The female occupant of the car testified that Foxwell told Jones to "stop fidgeting." Jones testified that Foxwell told him to "hang tight" and not "go rabid."

[4] While Jones testified that Foxwell put him in a headlock or chokehold, Foxwell testified that he grabbed Jones around his chest underneath his arms.

Jones was charged with assault and battery of a law enforcement officer following the altercation with Foxwell. At his trial, Jones explained that he had pled guilty to a drug charge in 2011 and that he had been a fugitive for almost five years. He testified that he immediately decided to run away from Foxwell and that he would "take whatever opportunity [he] could to get away from [him]." While Jones denied that he "bum-rushed" or pushed Foxwell, he admitted that he had physical contact with the officer. He then clarified that he did not intend to harm Foxwell and that he only made physical contact with him to enable his escape.

Although Jones argued that the Commonwealth had failed to establish that he intended to harm Foxwell, the circuit court disagreed and convicted Jones of the charged offense. At Jones's sentencing hearing, Jones reiterated that he did not intend to harm Foxwell during the altercation and emphasized his general aversion to violence. Before sentencing Jones, the circuit court commented:

> You know, I remember when we tried this case thinking a number of things. Number 1, the fact that Mr. Jones seems to be a very nice fellow. *And clearly thinking that there was no intent to assault [Officer] Foxwell in trying to get away.* And as he was supposed to do, [Officer] Foxwell tried to get in his way. That's his job. That's what he's supposed to do.
> But I've got to tell you. *Actions speak louder than words, and I have to agree with [the Commonwealth].*

(Emphasis added). The circuit court then sentenced Jones to two years of active incarceration on his assault and battery conviction. This appeal followed.

## II. ANALYSIS

On appeal, Jones contends that the evidence presented by the Commonwealth failed to establish that he intended to harm Foxwell. Jones argues that he only intended to escape from Foxwell and that any physical contact that he had with Foxwell was incidental to his attempt to get away from him. To support his argument, Jones points to the statements made by the circuit court at the sentencing hearing regarding his lack of intent to harm Foxwell. He also notes that

Foxwell did not suffer any physical injuries resulting from the altercation, and emphasizes that he did not punch or kick the officer. Based on his compliance with other police officers following his arrest, Jones also maintains that he did not act in a rude or insolent manner on the night of the incident.

We disagree with Jones's arguments. After reviewing the record in this case, we conclude that the evidence presented by the Commonwealth was sufficient to establish that Jones intended to inflict bodily harm on Foxwell when he pushed him in an offensive manner to enable his escape.

When considering the sufficiency of the evidence on appeal, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). It asks instead whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (emphasis added) (quoting Jackson, 443 U.S. at 319). We do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Code § 18.2-57(C) prohibits the assault and battery of law enforcement officers. That section of the statute states, in pertinent part:

> [I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a law-enforcement officer . . . engaged in the performance of his public duties anywhere in the Commonwealth, such person is guilty of a Class 6 felony . . . .

Code § 18.2-57(C).[5]

"One cannot be convicted of assault and battery 'without an intention to do bodily harm – either an actual intention or an intention imputed by law." Parish v. Commonwealth, 56 Va. App. 324, 330, 693 S.E.2d 315, 319 (2010) (quoting Adams v. Commonweatlth, 33 Va. App. 463, 468, 534 S.E.2d 347, 350 (2000)). However, "[i]n Virginia, it is abundantly clear that a perpetrator need not inflict a physical injury to commit a battery." Adams, 33 Va. App. at 469, 534 S.E.2d at 351. "Battery is the actual infliction of corporal hurt on another (e.g., the least touching of another's person), willfully or in anger, whether by the party's own hand, or by some means set in motion by him." Id. at 468, 534 S.E.2d at 350 (quoting Seegars v. Commonwealth, 18 Va. App. 641, 644, 445 S.E.2d 720, 722 (1994)); see also Montague v. Commonwealth, 278 Va. 532, 541, 684 S.E.2d 583, 588 (2009) ("Battery is the actual infliction of corporal hurt on another that is done willfully or in anger.").

"Whether a touching is a battery depends on the intent of the actor, not on the force applied." Adams, 33 Va. App. at 468, 534 S.E.2d at 350. "The slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress." Id. at 469, 534 S.E.2d at 350 (alteration in original) (quoting Crosswhite v. Barnes, 139 Va. 471, 477, 124 S.E. 242, 244 (1924)). "The law upon the subject is intended primarily to

---

[5] In the present appeal, Jones does not contest that Officer Foxwell was a law enforcement officer engaged in the performance of his official duties as contemplated by Code § 18.2-57(C).

protect the sacredness of the person, and, secondarily, to prevent breaches of the peace." Id. (quoting Banovitch v. Commonwealth, 196 Va. 210, 219, 83 S.E.2d 369, 374 (1954)). Accordingly, "the reasonableness and offensiveness of the contact must be considered" when determining whether a touching constitutes a battery. Id. at 470, 534 S.E.2d at 351.

In the present case, Foxwell testified that Jones "bum-rushed" and pushed him in order to evade arrest. Although Jones denied pushing Foxwell, he admitted that he made physical contact with him as he was attempting to escape.[6] Jones specifically testified that he immediately decided to escape and that he was willing to "take whatever opportunity [he] could to get away from [Foxwell]." Given Jones's intent to evade arrest, the circuit court could infer that Jones intentionally pushed Foxwell out of his way in order to get away from him.

Under the circumstances, Jones's physical contact with Foxwell was both offensive and insolent. Despite being instructed to stop moving, Jones stood up from the car and pushed Foxwell in order to effectuate his escape. He intentionally pushed Foxwell twice in an effort to interfere with his official duties and evade arrest. Jones's actions were directly contradictory to the commands of a police officer investigating a crime, and therefore, the physical contact brought about by his actions was insolent.[7] At a minimum, Jones's attempt to "bum-rush" Foxwell and the subsequent pushing involved in the altercation were also rude.

_____

[6] We acknowledge that Jones's testimony concerning the altercation differed from Foxwell's description of the events. As previously stated, however, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom" when reviewing the sufficiency of the evidence supporting a conviction. Cooper, 54 Va. App. at 562, 680 S.E.2d at 363 (quoting Parks, 221 Va. at 498, 270 S.E.2d at 759 (emphasis omitted)). "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [factfinder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993).

[7] When used as an adjective, the term "insolent" means "lacking usual or proper respect for rank or position." Webster's Third New International Dictionary 1170 (2002).

Furthermore, Jones's actions implied that he intended to inflict actual bodily harm on Foxwell.

> Proving intent by direct evidence often is impossible. Like any other element of a crime, it may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it. Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and "the finder of fact may infer that [he] intends the natural and probable consequences of his acts."

Id. at 470-71, 534 S.E.2d at 351 (internal citations omitted) (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc)).

In the present case, Jones attempted to push Foxwell out of his way in order to evade arrest. He "bum-rushed" Foxwell between the narrow confines of two parked vehicles. Although Foxwell did not lose his balance or fall during the altercation, Jones pushed Foxwell with enough force to cause him to bump into an unknown object. Thus, Jones pushed Foxwell with a force great enough to destabilize him and change his physical position. Foxwell could have fallen and incurred at least slight bodily harm, if not a more severe physical injury, as a natural consequence of Jones's actions.

Jones relies on the circuit court's statements at his sentencing hearing to support his argument on appeal. When read in isolation, we agree that those statements imply that the circuit court did not believe that Jones intended to harm Foxwell. When those statements are read in the context of the entire record, however, they do not suggest that the circuit court believed that the evidence was insufficient to support Jones's conviction.

> Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts. Furthermore, we will not fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied.

Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

First, we note that the statements at issue were made at Jones's sentencing hearing rather than his trial. At that time, the circuit court had already overruled two motions to strike in which Jones specifically argued that the Commonwealth's evidence failed to establish that he intended to harm Foxwell. Moreover, the circuit court had already concluded that the evidence presented by the Commonwealth established that Jones committed the charged offense.

Second, we note that the circuit court expressly stated that it agreed with the Commonwealth's theory of the case after making the statements at issue. While the circuit court stated that it remembered "clearly thinking that there was no intent to assault [Officer] Foxwell in trying to get away," it explained that "[a]ctions speak louder than words," and clarified that it agreed with the Commonwealth. The circuit court then noted that Jones's criminal record established that he was someone who "does not respect the law."

In conclusion, we hold that the evidence presented by the Commonwealth supported Jones's conviction for the assault and battery of a law enforcement officer in violation of Code § 18.2-57(C). The evidence established that Jones pushed Foxwell in an offensive and insolent manner in order to evade arrest. As Foxwell could have been injured as a natural and probable consequence of Jones's actions, we also conclude that the evidence was sufficient to establish that Jones intended to inflict bodily harm on Foxwell when he pushed him.

## III. CONCLUSION

As the evidence presented by the Commonwealth was sufficient to support Jones's conviction, we affirm the circuit court's decision.

<u>Affirmed.</u>